**STATE of Minnesota, Respondent,**

**v.**

**Michael David FRANKLIN, Appellant.**

**No. A13–1129.**

Court of Appeals of Minnesota.

May 27, 2014.

Lori Swanson, Attorney General, St. Paul, MN; and Gregory A. Widseth, Polk County Attorney, Scott Allen Buhler, Assistant County Attorney, Crookston, MN, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Rebecca Lawler, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; PETERSON, Judge; and SCHELLHAS, Judge.

## OPINION

PETERSON, Judge.

In this sentencing appeal, appellant argues that he should not have been sentenced as a career offender because (1) one of his prior felony convictions is deemed to be a conviction for a misdemeanor and, therefore, he does not have "five or more prior felony convictions" and (2) his current offense was not committed as part of a pattern of criminal conduct. We reverse and remand.

## FACTS

In February 2013, appellant Michael Franklin pleaded guilty to a charge of fourth-degree controlled-substance offense. At the plea hearing, the prosecutor indicated that he would ask the court to sentence appellant as a career offender. A presentence investigation report showed that appellant had been sentenced for felony convictions in 1990, 1992, 1998, 2002, and 2006.

At the sentencing hearing, appellant's advisory counsel acknowledged that appellant had the five prior felony convictions that are required to sentence appellant as a career offender. Appellant also conceded that he fit the statutory definition of a career offender. The district court found that appellant is a career offender, and, based on that finding, the court imposed a double durational departure. This appeal followed.

## ISSUE

Is a felony conviction that is deemed to be a misdemeanor conviction under Minn. Stat. § 609.13, subd. 1(2), treated as a prior felony conviction when applying the career-offender statute?

## ANALYSIS

■ We review the legality of a district court's sentencing decision de novo. *State v. Jeter*, 558 N.W.2d 505, 506 (Minn.App. 1997). This court may "determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn.Stat. § 244.11, subd. 2(b) (2012). We "may dismiss or affirm the appeal, vacate or set aside the sentence imposed or stayed and direct entry of an appropriate sentence or order further proceedings to be had as the court may direct." *Id.*

Statutory interpretation is a question of law, which we review de novo. *State v. Peck*, 773 N.W.2d 768, 771 (Minn.2009). The objective of statutory interpretation is to ascertain and effectuate the intent of the legislature. *State v. Rick*, 835 N.W.2d 478, 482 (Minn.2013). "The threshold issue in any statutory interpretation analysis is whether the statute's language is ambiguous." *Peck*, 773 N.W.2d at 772. Statutory language is ambiguous only where it "is subject to more than one reasonable inter-

pretation." *State v. Mauer*, 741 N.W.2d 107, 111 (Minn.2007). When statutory language is unambiguous, there is no room for construction. *Rick*, 835 N.W.2d at 482.

The career-offender statute states:

Whenever a person is convicted of a felony, and the judge is imposing an executed sentence based on a Sentencing Guidelines presumptive imprisonment sentence, the judge may impose an aggravated durational departure from the presumptive sentence up to the statutory maximum sentence if the factfinder determines that the offender *has five or more prior felony convictions* and that the present offense is a felony that was committed as part of a pattern of criminal conduct.

Minn.Stat. § 609.1095, subd. 4 (emphasis added).

On its face, the phrase, "has five or more prior felony convictions," requires a factual determination that an offender has been convicted of a felony on at least five prior occasions. But Minn.Stat. § 609.13, subd. 1(2), provides that "[n]otwithstanding a conviction is for a felony[,] ... the conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence."

 "In construing the statutes of this state, ... words and phrases are construed ... according to their common and approved usage." Minn.Stat. § 645.08(1) (2012). The common meaning of "deem" is "[t]o treat (something) as if (1) it were really something else, or (2) it has qualities that it does not have." *Black's Law Dictionary* 477 (9th ed.2009). Thus, the unambiguous meaning of section 609.13, subd. 1(2), is that a felony conviction that meets the requirements of the statute is to be treated as if it were a misdemeanor conviction.[1]

It is undisputed that when appellant was convicted of a felony in 1990, imposition of the prison sentence was stayed, appellant was placed on probation, and he was later discharged without a prison sentence. On appeal, appellant argues for the first time that because his 1990 conviction meets the requirements of section 609.13, subd. 1(2), the conviction is to be treated as if it were a conviction for a misdemeanor, which means that he has only four prior felony convictions and may not be sentenced as a career offender.

## I.

 Respondent argues that, because appellant conceded to the district court that he met the requirements to be sentenced as a career offender, appellant cannot challenge his sentence under the statute for the first time on appeal. But the Minnesota Supreme Court has held that a defendant may not waive sentencing issues when a particular kind of sentencing error

---

1. The legislature has the authority to define criminal conduct and to establish punishment for that conduct. *State v. Lindsey*, 632 N.W.2d 652, 658 (Minn.2001). The legislature can "selectively deal with those acts which it deems to pose the most significant harms to society." *State v. Witt*, 310 Minn. 211, 211–12, 245 N.W.2d 612, 614 (Minn. 1976). The legislature has exercised this authority by enhancing criminal sanctions for certain reasons, such as recidivism, and, in this case, by reducing the classification of a conviction following a stay of imposition of sentence and discharge of the offender upon successful completion of probation. In exercising its legislative function, the legislature has routinely "deemed" one thing to be something else. *See, e.g.,* Minn.Stat. § 260B.125, subd. 1 (2012) (permitting child who is 14 years old or older to be certified for prosecution as an adult in district court); *see also* Minn.Stat. § 169.09, subd. 5a (2012) (stating that driver of owner's vehicle is "deemed the agent of the owner" in case of an accident).

results in an illegal sentence. *See State v. Maurstad,* 733 N.W.2d 141, 146–47 (Minn. 2007) (stating that because a sentence based on an incorrect criminal-history score is an illegal sentence, a defendant may not waive review of his criminal-history-score calculation). The career-offender statute applies only when an offender has five or more prior felony convictions, and a sentence based on an incorrect determination that an offender has the required number of prior felony convictions is an illegal sentence. Consequently, just as a defendant may not waive review of his criminal-history-score calculation, appellant may not waive review of whether he has five or more prior felony convictions.

## II.

The supreme court has considered the effect of section 609.13 on other statutes and rules that require a predicate felony conviction. In *State v. Moon,* 463 N.W.2d 517, 518–19 (Minn.1990), Joseph Moon pleaded guilty to felony theft, and the district court ordered Moon to pay restitution and the costs of prosecution and placed him on probation for up to five years. When the district court later discharged Moon from probation, the discharge order deemed Moon's conviction to be for a misdemeanor under Minn.Stat. § 609.13. *Id.* at 519.

The discharge order also included a firearms restriction that prohibited Moon from shipping, transporting, possessing, or receiving a firearm until ten years after his civil rights were restored. *Id.* The authority for this prohibition was Minn. Stat. § 609.165, subd. 1a (1990), which provided:

The order of discharge must provide that a person who *has been convicted of a crime of violence,* as defined in section 624.712, subdivision 5, is not entitled to ship, transport, possess, or receive a firearm until ten years have elapsed since the person was restored to civil rights and during that time the person was not convicted of any other crime of violence.

(Emphasis added.) Minn.Stat. § 624.712, subd. 5 (1990), defined "crime of violence" to include felony theft. *Moon,* 463 N.W.2d at 519.

In determining whether the firearm restriction required under Minn.Stat. § 609.165, subd. 1a, applied to a person who was convicted of felony theft but whose conviction was later deemed to be for a misdemeanor under section 609.13, the supreme court explained that "[t]he answer depends on whether the legislature intended to impose the firearms restriction based on the nature of the offense for which the individual was convicted or based on the subsequent treatment of the offender." *Id.*

The supreme court explained further that "(s)ection 609.13 reflects the legislature's intention 'not to impose the consequences of a felony if the judge decides that the punishment to be imposed will be no more than that provided for misdemeanors or gross misdemeanors.'" *Id.* at 520 (quoting Minn.Stat. Ann. § 609.13 advisory committee comment (West 1987)). The supreme court then analyzed the statute for restoring civil rights and determined that it "does not impose the consequences of a felony, but rather imposes consequences based on an offender's commission of certain criminal acts, which the legislature believed to be an indication of a propensity to abuse firearms in the future." *Id.*

The supreme court concluded that

Section 609.13 does not preclude the legislature from imposing consequences ... based on an offender's commission of criminal acts which also constitute felonies. In enacting [the statute for

restoring civil rights], the legislature intended the nature of the offense rather than the subsequent treatment of the offender to be the basis for the imposition of the firearms restriction. We hold that the definitions of the offenses listed as crimes of violence in section 624.712, subdivision 5, relate to the elements of the offense for which the defendant was originally convicted rather than the disposition subsequently imposed by the trial judge. Thus because Moon was originally convicted of felony theft, the trial court correctly imposed the firearms restriction upon his discharge from probation.

*Id.* at 521.

In *In re Woollett*, 540 N.W.2d 829 (Minn.1995), the supreme court recognized another situation in which section 609.13 does not apply. In that case, Stephen Woollett pleaded guilty to a felony charge of third-degree assault. *Id.* at 830. The district court accepted Woollett's plea, stayed the imposition of sentence for up to three years, and placed Woollett on probation. *Id.* Woollett completed his probation requirements and was discharged from probation. *Id.* at 831.

When Woollett applied to the Minnesota Board of Peace Officer Standards and Training for a peace-officer license, a criminal-history check revealed no criminal record, and the board initially notified Woollett that he had successfully completed its examination and licensing requirements. *Id.* But the board later discovered Woollett's felony conviction, and, after an administrative hearing, the board revoked Woollett's eligibility for a peace-officer license because the felony conviction violated an administrative rule that provided that " '[h]aving been convicted of a felony in any state or federal jurisdiction' is one ground for denial of licensure." *Id.* at 831–32 (quoting Minn. R. 6700.0601. subp.

1(G) (1994)). "The phrase 'conviction of a felony' [was] further defined as 'a person [who] has been charged with a crime punishable by more than one year and \* \* \* the person was convicted of that crime regardless of a stay of imposition or stay of execution.' " *Id.* at 832 (quoting Minn. R. 6700.0100. subp. 21 (1993)).

Woollett appealed the board's decision, claiming that his felony conviction had reverted to a misdemeanor under Minn.Stat. § 609.13, subd. 1(2) (1994) after he successfully completed his 6–month term of probation. *Id.* at 830. The supreme court concluded that the drafters of the administrative rule intended to reach conduct of the offender, rather than consequences to the offender:

> The Board's rules prohibit any person who has been convicted of a felony from acquiring a peace officer license. Therefore, because Woollett was convicted of a felony ... he cannot become a licensed peace officer. The fact that he was sentenced for a misdemeanor does not alter the fact that his conduct ... warranted a felony conviction.... [W]e hold that the Board has the authority to enact a blanket prohibition against the licensing of applicants who have been convicted of a felony. And under the rules applicable in Woollett's case, a stay of imposition or stay of execution of his sentence does not change the fact that Woollett was convicted of a felony.

*Id.* at 832.

Unlike the statute for restoring civil rights in *Moon* and the administrative rule in *Woollett*, which imposed consequences because a person had been charged and convicted for acts that constitute a felony, regardless of the punishment, nothing in the career-offender statute suggests that the legislature intended to permit an aggravated durational departure because an offender committed a particular act. The

career-offender statute imposes consequences when an "offender has five or more prior felony convictions." The classification of a conviction, not the underlying criminal conduct, is what must be considered when determining whether the statute applies, and the punishment imposed determines the classification of a conviction.

Appellant has been convicted of felony offenses on five occasions. But, under the plain meaning of Minn.Stat. § 609.13, subd. 1(2), appellant does not have five prior felony convictions because, notwithstanding that he was convicted of a felony in 1990, that conviction is now deemed to be for a misdemeanor, and it must be treated as if it were a misdemeanor conviction. The legislature enacted the career-offender statute in 1998. 1998 Minn. Laws ch. 367, art. 6, § 7, at 732–33. We must presume that, when the legislature based the application of the statute on the offender's prior felony convictions, it did so with full knowledge that under certain conditions, Minn.Stat. § 609.13, subd. 1(2), which was enacted in 1963, requires a felony conviction to be treated as if it were a conviction for a misdemeanor. *See* 1963 Minn. Laws ch. 753, art. 1, at 1194–95; *Kahn v. State*, 289 N.W.2d 737, 744 (Minn. 1980) (presuming that statutes relating to same subject have been passed with deliberation and full knowledge of existing legislation on subject and are regarded by lawmakers as parts of connected whole).

Our construction of the career-offender statute is consistent with the legislature's intention in enacting section 609.13, which the supreme court has explained was "not to impose the consequences of a felony if the judge decides that the punishment to be imposed will be no more than that provided for misdemeanors or gross misdemeanors." *Moon*, 463 N.W.2d at 520 (quotation omitted). When appellant was sentenced in 1990, the judge decided that, if appellant successfully completed probation, his punishment should be no more than that provided for misdemeanors or gross misdemeanors. Permitting the conviction to now be used as a basis for imposing a sentencing departure that applies only to prior felony convictions would impose the consequences of a felony even though the sentencing judge decided that the punishment to be imposed would be no more than that provided for a misdemeanor.

Because appellant does not have five prior felony convictions, we need not determine whether his current offense was committed as part of a pattern of criminal conduct.

## DECISION

Because appellant's 1990 felony conviction is treated by operation of law as if it were a misdemeanor conviction, appellant does not have five prior felony convictions and may not be sentenced as a career offender. Therefore, we reverse appellant's sentence and remand for resentencing.

**Reversed and remanded.**