STATE OF MINNESOTA

IN SUPREME COURT

A13-1129

Court of Appeals                                                      Wright, J.

State of Minnesota,

                            Appellant,

vs.                                                          Filed:  March 11, 2015
                                                        Office of Appellate Courts

Michael David Franklin,

                            Respondent.

_____

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Greg Widseth, Polk County Attorney, Scott A. Buhler, Assistant County Attorney, Crookston, Minnesota, for appellant.

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

When determining whether an offender "has five or more prior felony convictions" for the purposes of Minn. Stat. § 609.1095, subd. 4 (2014), any felony conviction that has been deemed a misdemeanor by operation of Minn. Stat. § 609.13, subd. 1 (2014), before an offender is sentenced on the current offense may not be considered.

Affirmed.

1

WRIGHT, Justice.

We must determine whether a felony conviction that has been deemed a misdemeanor pursuant to Minn. Stat. § 609.13, subd. 1 (2014), before an offender is sentenced on the current offense, can be considered when determining whether the offender "has five or more prior felony convictions" under the career-offender statute, Minn. Stat. § 609.1095, subd. 4 (2014). Answering the question in the affirmative, the district court sentenced respondent Michael David Franklin to 66 months in prison. The court of appeals reversed and remanded for resentencing, concluding that one of Franklin's felony convictions did not meet the requirements of the career-offender statute because it had been deemed a misdemeanor before Franklin was sentenced in 2013. *State v. Franklin*, 847 N.W.2d 63, 68 (Minn. App. 2014). We subsequently granted the State's petition for review. We now conclude that under the plain language of section 609.1095, subdivision 4, a felony conviction that has been deemed a misdemeanor by operation of section 609.13, before an offender is sentenced for the current offense, may not be considered when determining whether the offender "has five or more prior felony convictions." Accordingly, we affirm the decision of the court of appeals and remand to the district court for resentencing.

I.

Following his sale of a controlled substance to a confidential informant on September 30, 2012, Franklin was charged with fourth- and fifth-degree controlled substance violations. Franklin pled guilty to the fourth-degree controlled substance

offense pursuant to a plea agreement, and the fifth-degree charge was dismissed. The plea agreement included a 120-month sentence cap, and the State informed Franklin that it would seek an aggravated upward durational departure from the presumptive sentencing guidelines range based on the State's theory that Franklin was a "career offender."

Franklin has a lengthy criminal history. Prior to his 2013 sentencing, Franklin had been convicted of the following five felonies: (1) possession of cocaine in 1990; (2) possession of a controlled substance in 1992; (3) conspiracy to sell cocaine in 1998; (4) theft in 2002; and (5) issuing a check without sufficient funds or without an account in 2006. Of particular significance to this appeal, Franklin's 1990 conviction for possession of cocaine was deemed a misdemeanor at the end of Franklin's probation in 1994 by operation of the misdemeanor-conversion statute, Minn. Stat. § 609.13.

On March 25, 2013, after finding that Franklin was a career offender under section 609.1095, subdivision 4, the district court imposed a sentence of 66 months, a double upward departure from the 33-month presumptive sentence under the Minnesota Sentencing Guidelines. Franklin appealed. The court of appeals reversed and remanded for resentencing, concluding that because Franklin did not have five prior felony convictions, he could not be sentenced as a career offender. *Franklin*, 847 N.W.2d at 68. The State petitioned for further review. We granted the State's petition to consider whether a felony conviction that has been deemed a misdemeanor is a "prior felony conviction[]" under the career-offender statute.

3

II.

Whether a felony conviction that has been deemed a misdemeanor before the defendant is sentenced on the current offense counts as a prior felony conviction under section 609.1095, subdivision 4, presents a question of statutory interpretation, which we review de novo. *State v. Jones*, 848 N.W.2d 528, 535 (Minn. 2014). When interpreting a statute, our objective is to "effectuate the intent of the legislature, reading the statute as a whole." *Rohmiller v. Hart*, 811 N.W.2d 585, 589 (Minn. 2012) (citing Minn. Stat. § 645.16 (2014)). When the Legislature's intent is clear from the unambiguous statutory language, we apply the plain meaning of the statute. *State v. Rick*, 835 N.W.2d 478, 482 (Minn. 2013). If the statutory language is unclear or ambiguous, however, we look beyond the specific language of the statute to determine the Legislature's intent. *Rohmiller*, 811 N.W.2d at 589; Minn. Stat. § 645.16. Therefore, the first question to consider is whether the statute's language is ambiguous. *State v. Peck*, 773 N.W.2d 768, 772 (Minn. 2009). A statute is ambiguous if its language is subject to more than one reasonable interpretation. *State v. Mauer*, 741 N.W.2d 107, 111 (Minn. 2007).

The career-offender statute, section 609.1095, subdivision 4, allows district courts to impose an upward durational departure from the presumptive sentence if a defendant has five or more prior felony convictions. Subdivision 4 provides:

> Whenever a person is convicted of a felony, and the judge is imposing an executed sentence based on a Sentencing Guidelines presumptive imprisonment sentence, the judge may impose an aggravated durational departure from the presumptive sentence up to the statutory maximum sentence if the factfinder determines that *the offender has five or more prior felony convictions* and that the present offense is a felony that was committed as part of a pattern of criminal conduct.

4

Minn. Stat. § 609.1095, subd. 4 (emphasis added).

Separately, the misdemeanor-conversion statute, section 609.13, subdivision 1(2), states:

> Notwithstanding a conviction is for a felony: . . . (2) *the conviction is deemed to be for a misdemeanor* if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence.

Minn. Stat. § 609.13, subd. 1(2) (emphasis added).

According to section 609.1095, subdivision 1(c), a "prior conviction" means "a conviction that occurred before the offender committed the next felony resulting in a conviction and before the offense for which the offender is being sentenced under this section." Minn. Stat. § 609.1095, subd. 1(c). Both parties agree that the statutory definition for "prior conviction" provided in section 609.1095, subdivision 1(c), applies to the "prior felony conviction" language of section 609.1095, subdivision 4. As such, the only question before us is what point in time is relevant when determining the status of a prior felony conviction—when the defendant is being sentenced for the present offense or when the defendant was convicted of the prior felony.

The parties do not contest that when Franklin was sentenced for his current offense in 2013, his 1990 conviction had been deemed a misdemeanor under section 609.13, subdivision 1. Rather, the point of contention between the parties is whether a felony conviction that has been deemed a misdemeanor pursuant to section 609.13 is treated as a felony conviction or as a misdemeanor conviction when applying the career-offender statute, section 609.1095, subdivision 4. Franklin argues that the present-tense

5

verb "has" in section 609.1095, subdivision 4, requires the district court to consider how many felony convictions a defendant possesses when the sentencing occurs. According to this interpretation, Franklin contends, he had only four prior felony convictions when he was sentenced in 2013. The State counters that any felony conviction that occurred before Franklin's 2013 sentencing qualifies as a "prior felony conviction[]" under the career-offender statute. The State's argument does not take into account the status of the felony conviction at the time of the sentencing.

To resolve the parties' dispute we examine the meaning of the verb *have*. The verb *have* can be used in two ways: as an auxiliary verb and as a principal verb. *The Chicago Manual of Style* 5.101 (16th ed. 2010); *see* Rodney Huddleston & Geoffrey K. Pullum, *The Cambridge Grammar of the English Language* 111 (2002). Auxiliary verbs are used with principal verbs to form verb phrases that indicate mood, tense, or voice. *The Chicago Manual of Style* 5.101. For example, the verb phrase "have written" uses *have* as an auxiliary verb, followed by the past participle of the verb *write*. By contrast, principal verbs express acts or states. *Id.* As a principal verb, one meaning of *have* is "[t]o be in possession of." *The American Heritage Dictionary* 806 (5th ed. 2011).

In section 609.1095, subdivision 4, the verb *have* is used as a principal verb in the present third-person singular tense, "has." *See The Chicago Manual of Style* 5.145. As such, "has" in section 609.1095, subdivision 4, is equivalent to the word "possesses." *See The American Heritage Dictionary* 806. Section 609.1095, subdivision 4, therefore, directs the fact-finder to determine whether the offender "has," or possesses, five or more prior felony convictions. The statute's use of the present tense means that the relevant

6

time of possession of prior felony convictions is the time at which the sentence on the current offense is imposed. Here, that point in time is March 2013. Because in the context of section 609.1095, subdivision 4, there is no other reasonable interpretation of the phrase "has five or more prior felony convictions," the statutory language in question is plain and unambiguous.

Applying the plain language of section 609.1095 to the facts here, we conclude that the district court erred when it determined that Franklin had five prior felony convictions that satisfy the definition in section 609.1095, subdivision 1(c). The plain language of section 609.1095, subdivision 4, requires the sentencing court to consider what prior felony convictions a defendant "has" when the defendant is sentenced. When Franklin was sentenced in 2013, his first felony conviction had been deemed a misdemeanor under Minn. Stat. § 609.13, subd. 1. With regard to that conviction, Franklin had a misdemeanor conviction—not a felony conviction—under the career-offender statute. Because in 2013 Franklin did not have five prior felony convictions, the district court erred by sentencing Franklin under the career-offender statute.[1] When

---

[1] The State's reliance on *State v. Anderson*, 733 N.W.2d 128 (Minn. 2007), *In re Peace Officer License of Woollett*, 540 N.W.2d 829 (Minn. 1995), and *State v. Moon*, 463 N.W.2d 517 (Minn. 1990), is unavailing because the statutory language at issue in each of those cases is different from the statutory language at issue here. In *Moon*, for example, we concluded that section 609.13 did not affect the operation of the firearm-possession statute, Minn. Stat. § 609.165, subd. 1a (1990). 463 N.W.2d at 521. The language of the firearm-possession statute differs in an important way from that of section 609.1095, subdivision 4, the career-offender statute. Section 609.1095, subdivision 4, uses the phrase "has five or more prior felony convictions." By contrast, section 609.165, subdivision 1a, uses the phrase "has been convicted of a crime of violence." If the career-offender statute used the language "has been convicted of,"

(Footnote continued on next page.)

7

Franklin was sentenced for the instant offense, he was not a career offender under Minn. Stat. § 609.1095, subd. 4. We, therefore, affirm the decision of the court of appeals and remand to the district court for resentencing.

Affirmed.

---

(Footnote continued from previous page.)
Franklin would qualify as a career offender. It is undisputed that Franklin "has been convicted of" five prior felony convictions. But at the time of sentencing, he no longer "ha[d]" five prior felony convictions according to the plain language of section 609.1095, subdivisions 1(c) and 4.