*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1724**

State of Minnesota,
Respondent,

vs.

Joseph Bolding,
Appellant.

**Filed September 8, 2015
Affirmed
Hooten, Judge**

Hennepin County District Court
File No. 27-CR-13-21204

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jenna Yauch-Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Halbrooks, Judge; and Hooten, Judge.

## UNPUBLISHED OPINION

**HOOTEN**, Judge

Appellant challenges his conviction of being an ineligible person in possession of a firearm, arguing that he is permitted to possess a firearm because, as a result of his

successful completion of probation, his 2005 felony conviction for possession of a controlled substance is now deemed a misdemeanor. We affirm.

## FACTS

The state convicted appellant Joseph Bolding of third-degree possession of a controlled substance in January 2005. Bolding received a stayed sentence, and his conviction became a misdemeanor three years later after he successfully completed probation. *See* Minn. Stat. § 609.13, subd. 1(2) (2004) (providing that felony conviction is deemed misdemeanor if imposition of sentence is stayed and defendant is discharged from probation without a prison sentence).

The state filed a criminal complaint in July 2013 charging Bolding with possession of a firearm by an ineligible person. Bolding moved the district court to dismiss the charge, because at the time of his alleged possession he no longer had a felony conviction. The district court denied his motion and found Bolding guilty after a stipulated-facts trial. Bolding appeals his conviction and challenges the district court's refusal to dismiss.

## D E C I S I O N

A person who "has been convicted of . . . a crime of violence" may not possess a firearm. Minn. Stat. § 624.713, subd. 1(2) (2012). Crimes of violence include all felony convictions of controlled-substance crimes defined under chapter 152. Minn. Stat. § 624.712, subd. 5 (2012). A crime of violence is defined by the elements constituting the offense, not the "subsequent disposition" of the conviction. *State v. Anderson*, 733 N.W.2d 128, 136 (Minn. 2007). A person "convicted of" a felony drug crime "that by

2

operation of law becomes a misdemeanor pursuant to Minn. Stat. § 609.13, subd. 1(2) can be prosecuted for the crime of felon in possession of a firearm . . . because the prior felony drug conviction constitutes a crime of violence." *State v. Foster*, 630 N.W.2d 1, 5 (Minn. App. 2001) (quotation omitted), *review denied* (Minn. Aug. 15, 2001).

Despite having the identical operative facts as *Foster*, Bolding, who was convicted of felony drug possession in 2005, argues that the controlling case is *State v. Franklin*, 847 N.W.2d 63 (Minn. App. 2014), *aff'd*, 861 N.W.2d 67 (Minn. 2015). In *Franklin*, this court determined that a felony conviction later deemed to be a misdemeanor under section 609.13 is no longer treated as a prior felony conviction when applying the career-offender statute. *Id.* at 67–68. But in affirming this court and distinguishing the application of the career-offender statute from the firearm-possession statutes, our supreme court explained:

> The language of the firearm-possession statute differs in an important way from that of . . . the career-offender statute. [The career-offender statute] uses the phrase "has five or more prior felony convictions." By contrast, [the firearm-possession statute] uses the phrase "has been convicted of a crime of violence." If the career-offender statute used the language "has been convicted of," Franklin would qualify as a career offender. It is undisputed that Franklin "has been convicted of" five prior felony convictions. But at the time of sentencing, he no longer "ha[d]" five prior felony convictions according to the plain language of [the career-offender statute].

*Franklin*, 861 N.W.2d at 70 n.1.

This issue is well-settled: one who "has been convicted of" a "crime of violence" has still "been convicted of" that crime even if section 609.13 subsequently labels that

3

crime a misdemeanor.  *See Anderson*, 733 N.W.2d at 136; *Foster*, 630 N.W.2d at 5.

**Affirmed.**