*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0523**

State of Minnesota,
Respondent,

vs.

Steven Tyrone Davis,
Appellant.

**Filed February 22, 2016
Affirmed
Schellhas, Judge**

Hennepin County District Court
File No. 27-CR-14-21900

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rochelle R. Winn, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Schellhas, Judge; and Rodenberg, Judge.

**SCHELLHAS**, Judge

Appellant challenges his conviction of felony violation of a harassment restraining order, arguing that the district court failed to find beyond a reasonable doubt that he knew of the order and asserting pro se arguments. We affirm.

**FACTS**

On December 4, 2012, K.D. obtained an ex parte order for protection (2012 OFP) against her husband, appellant Steven Tyrone Davis. The next day, Davis was personally served with the 2012 OFP and, on December 10, Davis filed a request for hearing on the 2012 OFP. On January 10, 2013, the district court conducted a hearing and dismissed the 2012 OFP. Davis was personally served with a copy of the dismissal order. On January 10, K.D. obtained a two-year harassment restraining order (HRO) against Davis. Davis was personally served with the HRO on January 11 and did not file a request for hearing on the HRO.

On or about July 8, 2014, Davis went to K.D.'s residence. On July 9, K.D. obtained an ex parte OFP (2014 OFP) against Davis. On July 24, the district court administrator filed notice of expiration of the 2014 OFP for failure of personal service on Davis. Also on July 24, Davis was personally served with paperwork regarding the 2014 OFP and he filed a request for hearing on the 2014 OFP.

On July 26, 2014, Davis was arrested at K.D.'s residence on suspicion of violation of an OFP. On July 28, the district court administrator filed a "Discrepancy Notice," apparently in response to Davis's request for hearing on the expired 2014 OFP. The

"Discrepancy Notice" indicates that Davis's hearing request could not be processed because no ex parte OFP was in effect. On July 29, respondent State of Minnesota charged Davis with felony violation of an HRO (within ten years of two qualifying domestic-violence offenses), in violation of Minn. Stat. § 609.748, subd. 6(d) (Supp. 2013).[1]

On November 24, 2014, the district court conducted a bench trial. Two days later, the court issued an order finding Davis guilty as charged and providing supportive findings of fact and conclusions of law. Davis moved for, among other things, judgment of acquittal notwithstanding the verdict. The court denied the motion and sentenced Davis to 24 months' imprisonment.

This appeal follows.

## D E C I S I O N

*District court's finding*

Minnesota law provides:

> (a) A person who violates a restraining order . . . is subject to the penalties provided in paragraphs (b) to (d).

> (b) Except as otherwise provided in paragraphs (c) and (d), when a temporary restraining order or a restraining order is granted under this section *and the respondent knows of the order*, violation of the order is a misdemeanor.

> (c) A person is guilty of a gross misdemeanor who violates the order within ten years of a previous qualified domestic violence-related offense conviction or adjudication of delinquency.

---

[1] Davis has convictions of violation of a domestic-abuse OFP from September 27, 2004, and November 30, 2006. Violation of a domestic-abuse OFP is a qualifying domestic-violence offense within the meaning of Minn. Stat. § 609.748, subd. 6(d). Minn. Stat. § 609.02, subd. 16 (2012).

(d) A person is guilty of a felony and may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both, if the person violates the order . . . within ten years of the first of two or more previous qualified domestic violence-related offense convictions or adjudications of delinquency[.]

Minn. Stat. § 609.748, subd. 6 (Supp. 2013) (emphasis added). Accordingly, a felony violation of an HRO occurs when an HRO exists, the HRO's "respondent knows of the [HRO]," and the respondent violates the HRO within ten years of the first of two or more qualifying convictions.[2] *Id.*, subd. 6(b), (d). Davis argues that the district court committed reversible error by finding him guilty of a felony violation of an HRO without first finding that the state proved beyond a reasonable doubt that he knew of the HRO.

But in its order finding Davis guilty as charged, the district court specifically found that "the State has proven beyond a reasonable doubt that . . . [Davis] knew the terms and requirements of the HRO." The court reasoned that credible evidence showed that "[Davis] was personally served with the [HRO] on January 11, 2013, and the terms of the order were explained to him." The court also relied on K.D.'s testimony that "[Davis] admitted that he knew he was not supposed to have contact with [K.D.]." We conclude that, contrary to

_____

[2] Prior to August 1, 2013, the statute imposed an additional mens rea element that the violation itself be knowing. *See* Minn. Stat. § 609.748, subd. 6(d) (2012) (providing that "[a] person is guilty of a felony . . . if the person *knowingly* violates the [HRO]" (emphasis added)); 2013 Minn. Laws ch. 47, § 4, at 206 (amending section 609.748 by striking "knowingly" from paragraphs (c) and (d) of subdivision 6). In this case, the district court erroneously applied the pre-amendment version of the statute, apparently at the parties' invitation. On appeal, the parties agree that the post-amendment version of the statute is applicable.

4

Davis's argument, the district court found that the state proved beyond a reasonable doubt that Davis knew of the HRO.

Davis resists this conclusion by pointing to other language in the district court's order—namely, the court's statement that "[t]he fact that [Davis] may have been confused about which order was in effect is not dispositive." Davis argues that this statement indicates that the court implicitly concluded "that [Davis]'s lack of knowledge about the [HRO] could be supplanted by [his] willingness to violate the invalid [2014 OFP]." We reject Davis's interpretation of the court's statement, which the court may have made in regard to the inapplicable pre-amendment statutory element of "knowing[] violat[ion]" of the HRO and which did not, in any event, negate the court's finding that the state proved beyond a reasonable doubt that Davis knew of the HRO.

*Pro se arguments*

In a pro se supplemental brief, Davis first challenges the validity of the HRO, arguing that the HRO was an improper evasion of the district court's order dismissing the 2012 OFP. But Davis did not request a hearing on the HRO after being personally served with it. Davis's argument concerning the validity of the HRO therefore is barred as an impermissible collateral attack. *See State v. Romine*, 757 N.W.2d 884, 889–90 (Minn. App. 2008) (concluding that appellant's failure to appeal issuance of OFP precluded collateral attack on OFP's validity on appeal of conviction of violation of an OFP), *review denied* (Minn. Feb. 17, 2009); *State v. Harrington*, 504 N.W.2d 500, 502–03 (Minn. App. 1993) (concluding that appellants were precluded from attacking validity of restraining order on

appeal from convictions of violation of a restraining order, where appellants did not appeal issuance of order), *review denied* (Minn. Sept. 30, 1993).

Davis next attacks the credibility of a state's witness, asserting that "[the witness's] every answer [was] suspect and questionable" and claiming that the witness, contrary to his testimony, did not personally serve Davis with the HRO. But the district court specifically found that the witness was credible. We defer to that credibility finding and reject Davis's invitation to retry his case. *See State v. Bliss*, 457 N.W.2d 385, 391 (Minn. 1990) (stating that "[appellant]'s attempt to retry his case by asking us to reevaluate [witness] credibility is contrary to our role"); *State v. Alexander*, 855 N.W.2d 340, 344 (Minn. App. 2014) ("Appellate courts defer to district court credibility determinations.").

Davis also argues that his September 27, 2004 conviction of violation of a domestic-abuse OFP was not "within ten years" of his HRO violation, within the meaning of Minn. Stat. § 609.748, subd. 6(d). Davis posits, "Wouldn't I have cleared September 27, 2004, in the year of 2014 of September[,] right before my trial date?" But the statute provides that "[a] person is guilty of a felony . . . if the person violates [an HRO] . . . within ten years of the first of two or more previous qualified domestic violence-related offense convictions or adjudications of delinquency." Minn. Stat. § 609.748, subd. 6(d). The statutory language is unambiguous; we therefore apply the plain meaning of the statute and conclude that the ten-year look-back period is triggered by a person's commission of an act in violation of an HRO, not by the person's trial for the offense of violation of an HRO. *See State v. Franklin*, 861 N.W.2d 67, 69 (Minn. 2015) ("When the Legislature's intent is clear from the unambiguous statutory language, [appellate courts] apply the plain meaning of the

6

statute."). Davis's September 27, 2004 conviction of violation of a domestic-abuse OFP properly was used to enhance his July 26, 2014 violation of the HRO.

Finally, Davis generally assails the district court's reasoning and conclusions, stating that "[the court] was bogus in [its] findings." In this section of his pro se brief, Davis makes no legally cognizable argument against his conviction or sentence. We therefore disregard this section of the brief. *See State v. Bartylla*, 755 N.W.2d 8, 22 (Minn. 2008) ("[Appellate courts] will not consider pro se claims on appeal that are unsupported by either arguments or citations to legal authority.").

**Affirmed.**