*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0953**

State of Minnesota,
Respondent,

vs.

Evan James Fasthorse,
Appellant.

**Filed June 10, 2024**
**Affirmed**
**Worke, Judge**

Stearns County District Court
File No. 73-CR-22-816

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney, Kyle R. Triggs, Assistant County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Schmidt, Judge; and Harris, Judge.

**NONPRECEDENTIAL OPINION**

**WORKE**, Judge

Appellant challenges his enhanced sentences for second-degree assault with a deadly weapon and unlawful possession of a firearm under the career-offender statute,

arguing that the state failed to prove that he committed the present offenses as part of a pattern of criminal conduct. We affirm.

## FACTS

On January 29, 2022, appellant Evan James Fasthorse got into an argument with his girlfriend and fired a pistol in her direction. His girlfriend was not injured during the incident. When questioned by an investigator, Fasthorse admitted that he had bought a firearm. He stated that he was intoxicated during the incident, which affected his memory.

Respondent State of Minnesota charged Fasthorse with second-degree assault with a dangerous weapon, felon in possession of ammunition or a firearm, and felony domestic assault.

At a plea hearing, the state agreed to dismiss the domestic-assault charge, and Fasthorse pleaded guilty to the remaining charges. The district court accepted Fasthorse's *Norgaard*[1] plea. Fasthorse stated that he did not remember committing the offenses because he was intoxicated from drinking a large amount of alcohol.

The state had moved the district court for an aggravated durational departure from the sentencing guidelines. Fasthorse waived his right to have a jury decide whether the

---

[1] In a *Norgaard* plea, "the defendant asserts an absence of memory on the essential elements of the offense but pleads guilty because the record establishes, and the defendant reasonably believes, that the state has sufficient evidence to obtain a conviction." *Williams v. State*, 760 N.W.2d 8, 12 (Minn. App. 2009), *rev. denied* (Minn. Apr. 21, 2009); *see State ex rel. Norgaard v. Tahash*, 110 N.W.2d 867, 871-72 (Minn. 1961).

state proved the aggravating factor it claimed supports a sentencing departure and to, instead, have the district court make this determination.[2]

At Fasthorse's *Blakely* trial, the district court admitted several exhibits offered by the state and the state called two witnesses. At sentencing, the district court determined that:

> the [s]tate had proven beyond a reasonable doubt that [Fasthorse]'s convictions in the present case were part of a pattern of criminal conduct; namely, that [Fasthorse]'s criminal history demonstrates a pattern of engaging in assaultive behavior in addition to a pattern of committing criminal offenses while using or possessing alcohol or controlled substances.

The district court imposed an upward durational sentence of 120 months in prison. This appeal followed.

## DECISION

Fasthorse argues that the evidence was insufficient to support the finding that his present offenses were committed as part of a pattern of criminal conduct. When reviewing a sufficiency-of-the-evidence claim, "we are limited to determining whether the evidence was sufficient to support the conclusion reached by the [fact-finder]." *State v. Outlaw*, 748 N.W.2d 349, 357 (Minn. App. 2008) (reviewing appellant's claim that evidence was insufficient to show a pattern of criminal conduct under career-offender statute), *rev.*

---

[2] A *Blakely* trial is conducted to determine whether aggravating sentencing factors exist, and "[a] criminal defendant has the right to a trial by jury or by the court." *State v. Sanchez-Sanchez*, 879 N.W.2d 324, 330 (Minn. 2016) (citing *Blakely v. Washington*, 542 U.S. 296, 301 (2004)); *State v. Henderson*, 706 N.W.2d 758, 762 (Minn. 2005) (applying *Blakely* to Minnesota's career-offender statute).

*denied* (Minn. July 15, 2008). We view the record in the light most favorable to the fact-finder's conclusion. *Id.*

Minnesota's career-offender statute provides:

> Whenever a person is convicted of a felony, and the judge is imposing an executed sentence based on a Sentencing Guidelines presumptive imprisonment sentence, the judge may impose an aggravated durational departure from the presumptive sentence up to the statutory maximum sentence if the fact[-]finder determines that the offender has five or more prior felony convictions and that the present offense is a felony that was committed as part of a pattern of criminal conduct.

Minn. Stat. § 609.1095, subd. 4 (2022). "The career-offender statute applies only when an offender has five or more prior felony convictions, and a sentence based on an incorrect determination that an offender has the required number of prior felony convictions is an illegal sentence." *State v. Franklin*, 847 N.W.2d 63, 66 (Minn. App. 2014), *aff'd*, 861 N.W.2d 67 (Minn. 2015). "Consequently, just as a defendant may not waive review of his criminal-history-score calculation, [a defendant] may not waive review of whether he has five or more prior felony convictions." *Id.*

Fasthorse's criminal history includes five felony convictions between February 2003 and February 2018:

- Receipt of stolen goods in August 2002, pursuant to Minn. Stat. § 609.53, subd. 1 (2002), convicted in February 2003.[3]

---

[3] We note that this conviction was stayed pending Fasthorse's successful completion of probation. However, because of a subsequent probation violation, the sentence was executed in April 2006. *See* Minn. Stat. § 609.13, subd. 1(2) (2002) ("Notwithstanding a conviction is for a felony: . . . the conviction is deemed to be for a misdemeanor if the

- Terroristic threats in June 2015, pursuant to Minn. Stat. § 609.713, subd. 1 (2014), convicted in July 2015.[4]

- Driving while under the influence in June 2016, pursuant to Minn. Stat. § 169A.20, subd. 2 (2014), convicted in March 2017.[5]

- Fifth-degree possession of a controlled substance in April 2016, pursuant to Minn. Stat. § 152.025, subd. 2(1) (2014), convicted in April 2017.

- Felon in possession of a firearm or ammunition in January 2018, pursuant to Minn. Stat. § 609.165, subd. 1b(a) (2016), convicted in February 2018.

The career-offender statute provides that a prior conviction means "a conviction that occurred before the offender committed the next felony resulting in a conviction and before the offense for which the offender is being sentenced." Minn. Stat. § 609.1095, subd. 41(a)(c) (Supp. 2021). To be considered a prior conviction for this purpose, the statute requires "five sequential felony offenses and convictions . . . (i.e., offense/conviction, offense/conviction, offense/conviction, etc.)." *State v. Huston*, 616 N.W.2d 282, 283 (Minn. App. 2000).

---

imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence.").

[4] We note that this conviction was stayed for five years pending Fasthorse's successful completion of probation. *See* Minn. Stat. § 609.13, subd. 1(2) (2014).

[5] Fasthorse requested that his sentence for the June 2015 terroristic threats be executed. The district court granted the request. Therefore, for the purposes of prong one of the career-offender statute, Fasthorse's conviction for terroristic threats is a felony conviction. *See State v. Franklin*, 861 N.W.2d 67, 68-71 (Minn. 2015) (applying misdemeanor-conversion statute to prong one of career-offender statute).

The record shows that Fasthorse has been convicted of five sequential felony offenses prior to the present offenses. Therefore, the state has met its burden of proof in showing that the statutory requirements for prong one under the career-offender statute have been met.

Next, we consider whether the state has met its burden of proof in showing that Fasthorse's criminal history satisfied prong two—that the present felony offenses were committed as part of a pattern of criminal conduct.

Fasthorse pleaded guilty to two felony-level offenses: (1) second-degree assault with a dangerous weapon, and (2) felon in possession of a firearm or ammunition. "[A] 'pattern of criminal conduct' may be demonstrated by proof of criminal conduct similar, but not identical, in motive, purpose, results, participants, victims or other shared characteristics." *State v. Gorman*, 546 N.W.2d 5, 9 (Minn. 1996). This prong of the career-offender statute is different from the prior-felony-convictions prong because a "'pattern of criminal conduct' may be demonstrated by reference to past felony or gross misdemeanor convictions or by proof, through clear and convincing evidence, of prior, uncharged acts of criminal conduct." *Id.* A pattern-of-criminal-conduct determination "involves a comparison of different criminal acts, weighing the degree to which those acts are sufficiently similar. This determination goes beyond a mere determination as to the fact, or number, of the offender's prior convictions." *Henderson*, 706 N.W.2d 758 at 762 (quotation omitted).

Fasthorse claims that the district court abused its discretion when it "simply listed several of Fasthorse's prior convictions without comparing the facts underlying the

6

convictions." In so doing, he relies on *State v. McClenton*, 781 N.W.2d 181 (Minn. App. 2010), *rev. denied* (Minn. June 29, 2010).

A district court's decision to depart from the presumptive guidelines sentence is reviewed for an abuse of discretion. *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016). "If the reasons given for an upward departure are legally permissible and factually supported in the record, the departure will be affirmed. But if the district court's reasons for departure are improper or inadequate, the departure will be reversed." *State v. Edwards*, 774 N.W.2d 596, 601 (Minn. 2009) (quotation omitted).

In *McClenton*, this court determined that the state failed to meet its burden of proof beyond a reasonable doubt for the fact-finder to conclude whether the defendant's prior convictions for: (1) possession of a firearm by a prohibited person, (2) attempted theft from a person, and (3) attempted sale of a simulated controlled substance amounted to a pattern of criminal conduct. 781 N.W.2d at 194. This court "conclude[d] that these offenses should not have been used to determine whether [the] appellant engaged in a pattern of criminal conduct as the record contained no 'facts' by which the jury could determine whether the offenses had similar characteristics." *Id.* This court, however, determined that "even without the erroneously submitted complaints, the jury would likely have concluded that [the] appellant had engaged in a pattern of criminal conduct to support his illegal drug habit." *Id.* at 195. And based on the appellant's criminal history, consisting of robberies, controlled-substance sale, controlled-substance possession, and criminal vehicular operation, the factual-basis requirement "to show that [the appellant's] present convictions [of first-degree aggravated robbery and fifth-degree possession of a controlled substance]

7

were part of a pattern of criminal conduct related to his habitual illegal drug use" under the career-offender statute was satisfied. *Id.*

The district court relied on the reasoning in *McClenton* to show that Fasthorse's present felony offenses—second-degree assault with a deadly weapon and possession of a firearm by a prohibited person—were part of a pattern of criminal conduct related to "assaultive behavior" and "committing criminal offenses while using or possessing alcohol or controlled substances." We consider each individually.

The district court determined that the state had met its burden of proof beyond a reasonable doubt that Fasthorse's criminal history demonstrated a pattern of "assaultive behavior." It noted Fasthorse's convictions of: (1) "misdemeanor assault on December 15, 2003," (2) "gross misdemeanor domestic assault on December 2, 2009," (3) "misdemeanor [fifth-degree] assault on January 23, 2014," and (4) "felony threats of violence on July 20, 2015."

Here, the evidence was sufficient for the fact-finder to determine that the present offenses were committed as part of a pattern of criminal conduct. Fasthorse's criminal history includes three "assaultive behavior" convictions that meet the felony or gross-misdemeanor requirements for a pattern-of-criminal-conduct determination between September 2009 and January 2018:

- Domestic assault (gross misdemeanor) in September 2009.

- Terroristic threats (felony) in July 2015.

- Felon in possession of a firearm or ammunition (felony) in January 2018.

8

Fasthorse's criminal history includes two prior felony convictions and one prior gross-misdemeanor conviction that are "assaultive behavior" offenses, which share sufficiently similar purposes—the use or threatened use of physical force to achieve a certain result—with the present offenses to satisfy the pattern-of-criminal-conduct prong of the career-offender statute. *See Gorman*, 546 N.W.2d at 9. A fact-finder's pattern-of-criminal-conduct determination does not require a threshold number of prior convictions like prong one of the career-offender statute. *See* Minn. Stat. § 609.1095, subd. 4.

Here, Fasthorse's assaultive behavior towards his then girlfriend resulted in him pleading guilty to two offenses: (1) second-degree assault with a deadly weapon, and (2) possession of a firearm by a prohibited person. Fasthorse's previous "assaultive behavior" offenses "were part of a pattern of criminal conduct related to his habitual" use or threatened use of physical force. *McClenton*, 781 N.W.2d at 194. Therefore, the district court did not abuse its discretion when it determined that Fasthorse was a career offender.

Because we conclude that the district court did not abuse its discretion when it included the sentencing enhancement as prescribed by the career-offender statute for Fasthorse's pattern of "assaultive behavior," we need not address whether the district court abused its discretion when it also determined that an enhanced sentence would be appropriate based on a second pattern of criminal conduct involving Fasthorse's "criminal offenses while using or possessing alcohol or controlled substances."

**Affirmed.**