STATE OF MINNESOTA

IN SUPREME COURT

A23-0133

Court of Appeals                                                          McKeig, J.
                                                          Took no part, Gaïtas, J.

State of Minnesota,

                    Respondent,

vs.                                                          Filed:  August 28, 2024
                                                          Office of Appellate Courts
Korwin Lucio Balsley,

                    Appellant.

_____

Keith Ellison, Attorney General, Saint Paul, Minnesota; and

Jenna M. Peterson, Redwood County Attorney, Travis J. Smith, Special Assistant County Attorney, Slayton, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Appellate Public Defender, Saint Paul, Minnesota, for appellant.

_____

S Y L L A B U S

For enhanced sentencing under Minnesota Statutes section 609.3455, subdivision 3a (2022), a predatory crime is "previously committed" if it is committed before the fact-finder's sentencing-related determination that the offender is a danger to public safety.

Affirmed.

1

O P I N I O N

MCKEIG, Justice.

Under Minnesota law, the sentence for certain sex offenses is enhanced if, among other things, "the offender previously committed" a predatory crime. *See* Minn. Stat. § 609.3455, subd. 3a (2022) (mandating enhanced sentencing for engrained offenders). In this case, we must decide whether a "previously committed" predatory crime is one that was committed before the *commission* of the present offense of conviction, or instead, merely before the *sentencing determination* for the present offense.

In 2015, appellant Korwin Lucio Balsley sexually assaulted a 9-year-old girl, but the crime was not reported at the time. In 2016, Balsley committed an unrelated second-degree assault—a predatory crime—for which he was convicted in 2017. In 2021, the victim from the 2015 sexual assault disclosed the offense, and Balsley was accordingly charged with and convicted of second-degree criminal sexual conduct. *See* Minn. Stat. § 609.343 (2020).

At the sentencing phase of the trial for Balsley's second-degree criminal sexual conduct conviction, the district court found that Balsley was subject to a sentencing enhancement as an engrained offender under Minnesota Statutes section 609.3455, subdivision 3a, because he had previously committed a predatory crime. Balsley appealed to the court of appeals, arguing that the words "previously committed" in section 609.3455, subdivision 3a, require a predatory crime to be committed before the commission of the present offense. Because he had committed second-degree assault *after* committing second-degree criminal sexual conduct, Balsley argued that the assault cannot be

2

considered "previously committed" under the sentencing enhancement. The court of appeals rejected Balsley's argument and affirmed. Because the plain language of section 609.3455, subdivision 3a, requires only that a predatory crime be committed before the sentencing determination for the present offense of conviction, we affirm.

**FACTS**

In 2015, Balsley sexually assaulted his girlfriend's 9-year-old daughter ("the victim"). The victim and her mother were staying overnight at Balsley's farmhouse. The victim was lying on a mattress in a loft-type area of the farmhouse when Balsley came upstairs and either sat on or knelt next to the mattress. The victim was afraid and pretended to be asleep. Balsley then touched the victim's bare chest and rubbed her bare vagina with his hands. When the victim briefly opened her eyes to look at him, she saw that Balsley was smiling as he touched her. Balsley was not speaking but was making loud breathing and sighing noises. At that point, the victim felt Balsley stand up, and she heard what she believed to be the jingling of Balsley's belt. The victim felt paralyzed and was unable to move or speak. The victim then heard a door open downstairs, and she again heard what she believed to be the jingling of Balsley's belt. At that point, Balsley left the room and went back downstairs, but before he did, he told the victim not to say anything.

The victim did not tell anyone about the assault until 2020, eventually telling her father in 2021. Her father reported it to the victim's counselor, who then made a mandated report of the matter. The State charged Balsley with four counts of criminal sexual conduct in the second degree. *See* Minn. Stat. § 609.343. After the commission but before the

reporting of this offense, Balsley committed an unrelated second-degree assault in 2016 for which he was convicted in 2017.

The district court found Balsley guilty of two of the four counts of second-degree criminal sexual conduct. At the sentencing phase, the court concluded that the 2017 assault conviction was a "previously committed" predatory crime that qualified Balsley as an engrained offender under Minnesota Statutes section 609.3455, subdivision 3a.[1] Accordingly, the court sentenced him to an upward durational departure of 250 months in prison with a lifetime conditional release term.[2] Balsley appealed his sentence to the court of appeals, arguing, among other things, that he did not qualify as an engrained offender. The court of appeals affirmed Balsley's sentence, holding that he met the statutory requirements to be an engrained offender under section 609.3455, subdivision 3a. *State v. Balsley*, 999 N.W.2d 880, 892 (Minn. App. 2023). Balsley petitioned us for review of the court of appeals' interpretation of section 609.3455, subdivision 3a, which we granted.

---

[1]     The district court also sentenced Balsley as a "dangerous offender" under Minnesota Statutes section 609.1095, subdivision 2 (2022). The court of appeals reversed the district court on this issue, and the State did not appeal that decision. Therefore, the issue of whether Balsley is a "dangerous offender" is not before us. Nor is that issue relevant to whether Balsley is an "engrained offender" under Minnesota Statutes section 609.3455, subdivision 3a (2022).

[2]     Minnesota Statutes section 609.3455, subdivision 3a requires that a district court sentence an "engrained offender" for "not less than double the presumptive sentence under the sentencing guidelines and not more than the statutory maximum" for the offense of conviction. Balsley's criminal history score was calculated to be five points, which would typically result in a presumptive sentencing range of 102–142 months, with a presumptive duration of 119 months. *See* Minn. Sent. Guidelines 4.B (sex offender grid). A sentence of 250 months is over double the presumptive sentence for Balsley's offense, but less than the maximum 25-year sentence for that crime, *see* Minn. Stat. § 609.343, subd. 2(a) (2022), therefore well within the range required by section 609.3455, subdivision 3a.

4

# ANALYSIS

The question before us is whether a "previously committed" predatory crime must have been committed before the commission of the present offense of conviction or merely before the fact-finder conducts an "engrained offender" analysis under section 609.3455, subdivision 3a. This subdivision reads:

> Subd. 3a. **Mandatory sentence for certain engrained offenders.** (a) A court shall commit a person to the commissioner of corrections for a period of time that is not less than double the presumptive sentence under the sentencing guidelines and not more than the statutory maximum, or if the statutory maximum is less than double the presumptive sentence, for a period of time that is equal to the statutory maximum, if:
>> (1) the court is imposing an executed sentence on a person convicted of committing or attempting to commit a violation of section 609.342, 609.343, 609.344, 609.345, 609.3453, or 609.3458;
>> (2) *the fact finder determines that the offender is a danger to public safety*; and
>> (3) the fact finder determines that the offender's criminal sexual behavior is so engrained that the risk of reoffending is great without intensive psychotherapeutic intervention or other long-term treatment or supervision extending beyond the presumptive term of imprisonment and supervised release.
>
> (b) *The fact finder shall base its determination that the offender is a danger to public safety on any of the following factors*:
>> (1) the crime involved an aggravating factor that would justify a durational departure from the presumptive sentence under the sentencing guidelines;
>> (2) *the offender previously committed or attempted to commit a predatory crime* or a violation of section 609.224 or 609.2242, including:
>>> (i) an offense committed as a juvenile that would have been a predatory crime or a violation of section 609.224 or 609.2242 if committed by an adult; or
>>> (ii) a violation or attempted violation of a similar law of any other state or the United States; or
>> (3) the offender planned or prepared for the crime prior to its commission.
>
> (c) *As used in this section, "predatory crime" has the meaning given in section 609.341, subdivision 22.*

Minn. Stat. § 609.3455, subd. 3a (italics added).

Subdivision 3a requires a district court to impose a sentence of double the presumptive sentence if an offender is found to be an "engrained offender." *Id.*, subd. 3a(a). Relevant to our analysis, such a determination rests on whether the fact-finder determines the offender is a "danger to public safety." [3] *Id.*, subd. 3a(a)(2). A fact-finder may determine that an offender is a danger to public safety if "the offender previously committed or attempted to commit a predatory crime." [4] *Id.*, subd. 3a(b)(2). The parties disagree only as to whether the district court correctly determined that Balsley "previously committed" a predatory crime—and was therefore a danger to public safety—based on his 2017 assault conviction which occurred *after* Balsley's commission of the criminal sexual conduct offense at issue here.

Balsley argues that the statute does not allow a fact-finder to determine that the offender is a danger to public safety based on another predatory crime that occurred after the commission of the present offense for which they are being sentenced. The State argues that the statute requires only that the predatory crime has occurred before the fact-finder makes its determination on whether the offender is a danger to public safety. Therefore, the question we must answer is to which temporal anchor "previously committed" refers

---

[3]    The parties agree that the other requisite factors in section 609.3455, subdivision 3a(a), have been met; those factors are therefore not relevant to our analysis of this issue.

[4]    A "predatory crime" is defined as "a felony violation of section . . . 609.222 (second-degree assault) . . . ." Minn. Stat. § 609.341, subd. 22 (2022). There is no dispute as to whether Balsley's assault conviction satisfies this definition.

to—the commission of the present offense, or the point at which the fact-finder makes its public safety determination.

We generally "review a district court's decision to depart from the presumptive guidelines sentence for an abuse of discretion." *State v. Jackson*, 749 N.W.2d 353, 356–57 (Minn. 2008). However, the district court based its sentencing analysis on section 609.3455, subdivision 3a, which requires us to engage in statutory interpretation. "Statutory interpretation presents a question of law, which we review de novo." *State v. Allison*, 999 N.W.2d 835, 838 (Minn. 2024) (citation omitted) (internal quotation marks omitted). When interpreting statutes, our goal is "to effectuate the intent of the Legislature." *State v. Abdus-Salam*, 1 N.W.3d 871, 876 (Minn. 2024) (citation omitted) (internal quotation marks omitted). Our first step is to determine whether the language of the statute is unambiguous, which means that the statutory language has only one reasonable interpretation. *Id.* at 876–77. When a statute is unambiguous, we apply the plain meaning of the language at issue. *Id.* at 877.

Section 609.3455, subdivision 3a, does not explicitly identify the point in time to which "previously" refers to, but the lack of explicit statutory instruction within subdivision 3a(b)(2) itself does not make the phrase "previously committed" ambiguous. Undefined words and phrases should be interpreted "in light of the surrounding context." *State v. Galvan-Contreras*, 980 N.W.2d 578, 584 (Minn. 2022). A phrase " 'cannot be interpreted apart from context. The meaning of a word that appears ambiguous if viewed in isolation may become clear when the word is analyzed in light of the terms that surround

7

it.' " *State v. Robinson*, 921 N.W.2d 755, 759 (Minn. 2019) (quoting *Smith v. United States*, 508 U.S. 223, 229 (1993)).

Whether "the offender previously committed . . . a predatory crime" is a basis for the fact-finder's "determination that the offender is a danger to public safety." Minn. Stat. § 609.3455, subd. 3a(b). This is framed in the present tense. The statute requires the district court to double the presumptive sentence if "the fact finder *determines* that the offender *is* a danger to public safety." Minn. Stat. § 609.3455, subd. 3a(a)(2) (emphasis added). The present tense words "determines" and "is" show that the fact-finder must make its "danger to public safety" determination based on whether the offender *is* a danger to public safety at the time of the determination. There is simply no other temporal language in the statute that suggests otherwise. Therefore, whether the offender *was* a danger to public safety before the commission of the offense for which they are being sentenced is irrelevant to the fact-finder's analysis under the plain language of the statute.

This conclusion comports with our previous decision in *State v. Franklin*, 861 N.W.2d 67 (Minn. 2015). There, we interpreted Minnesota Statutes section 609.1095, subdivision 4 (2014), which allows a sentencing court to impose an aggravated durational departure from the presumptive sentence for repeat offenders "if the factfinder determines that the offender has five or more prior felony convictions . . . ." *Franklin*, 861 N.W.2d at 69 (quoting Minn. Stat. § 609.1095, subd. 4). The defendant in *Franklin* had been convicted of five previous felonies, but one felony had been converted to a misdemeanor by the time the district court made its sentencing determination for the present offense. *Id.* at 68. Analyzing the plain language of the statute, we held that the present tense word

8

"has" meant that the sentencing court must consider whether the defendant currently "has" five or more prior felony convictions at the time the court makes its sentencing determination. *Id.* at 70. Because the defendant only had four felony convictions when the sentencing court made its determination—despite having had five total felony convictions in the past—the defendant could not be subject to an aggravated departure based on the analyzed portion of the repeat offender statute. *Id.*

Accordingly, for enhanced sentencing under Minnesota Statutes section 609.3455, subdivision 3a, a predatory crime is "previously committed" if it is committed prior to the fact-finder's determination of whether the offender is a danger to public safety.

Balsley's claims for a different meaning are unavailing. Balsley argues that an analysis of the phrase at issue "strongly suggests that the legislature intended the statute to temporally connect 'previously committed' to the date of offense rather than to the date of sentencing," but he offers no tangible reasons for why the plain language of the statute supports his position. In fact, the only significant reasoning Balsley offers for why his plain language argument should prevail involves the Legislature's concern with public safety and recidivism. Granted, these concerns represent a possible *purpose* for the statute at issue, but considering the Legislature's purpose behind a statute goes well beyond a plain language analysis and is inappropriate in the absence of ambiguity.[5] *Sterry v. Minn. Dep't of Corr.*, 8 N.W.3d 224, 235 (Minn. 2024) (stating that we only consider a statute's purpose

---

[5] Though we need not analyze the purpose of the statute at issue, it is not clear how considering the Legislature's concerns regarding public safety and recidivism favors only Balsley's proposed interpretation.

if the statutory text is unclear). Consequently, we need not look to the purpose of the engrained offender statute to discern the temporal anchor for "previously committed."

We hold that based on the plain language of the statute, for enhanced sentencing under Minnesota Statutes section 609.3455, subdivision 3a, a predatory crime is "previously committed" if it is committed before the fact-finder's sentencing-related determination that the offender is a danger to public safety.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the court of appeals.

Affirmed.


GAÏTAS, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.