# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A15-0950

State of Minnesota,
Respondent,

vs.

S. A. M.,
Appellant.

**Filed March 21, 2016**
**Affirmed**
**Reilly, Judge**

Olmsted County District Court
File No. 55-K0-03-004963

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Senior Assistant County Attorney, Rochester, Minnesota (for respondent)

David L. Liebow, Restovich Braun & Associates, Rochester, Minnesota (for appellant)

Joshua Esmay, Council on Crime and Justice, Minneapolis, Minnesota (for amicus curiae)

Considered and decided by Connolly, Presiding Judge; Stauber, Judge; and Reilly, Judge.

## S Y L L A B U S

A felony conviction later deemed a misdemeanor conviction by operation of Minn. Stat. § 609.13, subd. 1(2) (2014), is a felony conviction for purposes of the expungement statute. A petitioner is not entitled to expungement when the felony offense is not one of the statutorily enumerated offenses for which relief may be sought under Minn. Stat. § 609A.02, subd. 3(b) (2015).

## OPINION

**REILLY**, Judge

Appellant S.A.M. challenges the district court's denial of his petition for expungement. Appellant argues that although he was convicted of a felony offense not enumerated in Minn. Stat. § 609A.02, subd. 3(b), he qualifies for relief under Minn. Stat. § 609A.02, subd. 3(a)(3), governing misdemeanor offenses because his felony conviction was later deemed a misdemeanor conviction following his discharge from probation. We affirm.

## FACTS

In December 2003, respondent State of Minnesota charged appellant S.A.M. with second-degree burglary in violation of Minn. Stat. § 609.582, subd. 2(a) (2002), and felony theft in violation of Minn. Stat. §§ 609.52, subds. 2(1) and 3(2) (2002), arising from the nighttime burglary of an in-home business. Appellant pleaded guilty to second-degree felony burglary and the state dismissed the remaining charge and agreed to a stay of imposition and a 90-day jail sentence. At sentencing, the district court "enter[ed] judgment of guilty of Burglary in the Second Degree, Aid and Abet, a felony, in violation of Minnesota Statute § 609.582 Subd. 2(a) and § 609.05." The district court ordered that imposition of sentence be stayed for a period of ten years "or until earlier discharged by the court" upon satisfaction of certain conditions. The district court placed appellant on probation and, among other conditions, ordered him to participate in programing as directed by the probation officer. In April 2008, the probation officer submitted a discharge report indicating that appellant had completed the court-ordered probationary conditions.

The district court discharged appellant from probation and ordered that "[t]his conviction is deemed to be a misdemeanor ([pursuant to Minn. Stat. §] 609.13)."

Appellant filed a series of petitions seeking to expunge his criminal records. The district court denied the first two petitions in 2008 and in 2011. Appellant filed a third petition in January 2015, seeking to expunge the felony burglary conviction and two other non-felony convictions under the newly amended version of Minnesota Chapter 609A, which became effective January 1, 2015. The district court granted expungement with respect to the two unrelated non-felony convictions.

With regard to the felony burglary offense, appellant argued that he qualified for expungement under Minn. Stat. §§ 609A.02, subd. 3 and 609A.03, because the conviction was deemed a misdemeanor. The Olmsted County Attorney, the Minnesota Bureau of Criminal Apprehension, and the Rochester City Attorney's Office objected to the petition. The district court denied expungement as to the felony burglary offense, determining that appellant was not entitled to a statutory expungement because felony burglary is not one of the specifically enumerated felonies for which expungement may be granted under Minn. Stat. § 609A.02, subd. 3(b). The district court further determined that appellant was not entitled to an inherent-authority expungement because he failed to show that the benefit to appellant in granting the petition outweighed the risk to public safety. This appeal followed.

**ISSUE**

May a felony conviction that is later deemed a misdemeanor conviction by operation of Minn. Stat. §§ 609.13, subd. 1(2); .135 (2014), be expunged under Minn. Stat. § 609A.02, subd. 3(a)(3) (2015)?

**ANALYSIS**

Appellant challenges the district court's denial of his expungement petition under the newly amended statute governing expungements. Minn. Stat. § 609A.02, subd. 3(a)(3) (2014); 2014 Minn. Laws, ch. 246, § 6 at 811-14 (effective Jan. 1, 2015). A district court's decision to grant or deny an expungement petition is reviewed under an abuse-of-discretion standard. *State v. K.M.M.*, 721 N.W.2d 330, 332-33 (Minn. App. 2006) (citation omitted). However, statutory interpretation is a question of law subject to de novo review. *State v. L.W.J.*, 717 N.W.2d 451, 455 (Minn. App. 2006).

Chapter 609A provides the grounds and procedures for expungement of criminal records. Minn. Stat. § 609A.01. This section articulates the grounds for an expungement, beginning with certain controlled substance offenses, Minn. Stat. § 609A.02, subd. 1, and offenses committed by juveniles who are prosecuted as adults, *id*., subd. 2. Subdivision 3 allows for expungement of "all records relating to an arrest, indictment or information, trial, or verdict" if the records are not subject to section 299C.11, subdivision 1(b),[1] and if:

> (1) all pending actions or proceedings were resolved in favor
>     of the petitioner. . . . ;

---

[1] This statute addresses identification data, such as DNA and fingerprints, furnished to the Bureau of Criminal Apprehension.

(2) the petitioner has successfully completed the terms of a diversion program or stay of adjudication. . . . ;

(3) the petitioner was convicted of or received a stayed sentence for a petty misdemeanor or misdemeanor and has not been convicted of a new crime for at least two years since discharge of the sentence for the crime;

(4) the petitioner was convicted of or received a stayed sentence for a gross misdemeanor . . . ; or

(5) the petitioner was convicted of or received a stayed sentence for a felony violation of an offense listed in paragraph (b), and has not been convicted of a new crime for at least five years since discharge of the sentence for the crime.

Minn. Stat. § 609A.02, subd. 3.

"When interpreting a statute, our objective is to effectuate the intent of the legislature, reading the statute as a whole." *State v. Franklin*, 861 N.W.2d 67, 68-69 (Minn. 2015) (citations and quotations omitted). Statutory interpretation begins with the plain language of the statute. *KSTP-TV v. Ramsey County*, 806 N.W.2d 785, 788 (Minn. 2011) (citation omitted); *see also ILHC of Eagan, LLC v. County of Dakota*, 693 N.W.2d 412, 419 (Minn. 2005) ("The touchstone for statutory interpretation is the plain meaning of the statute's language."). Where the statutory language is "clear, explicit, unambiguous, and free from obscurity, courts are bound to expound the language according to the common sense and ordinary meaning of the words." *Krueger v. Zeman Const. Co.*, 758 N.W.2d 881, 885 (Minn. App. 2008), *aff'd*, 781 N.W.2d 858 (Minn. 2010) (citations omitted); Minn. Stat. § 645.08(1) ("[W]ords and phrases are construed according to rules of grammar and according to their common and approved usage[.]"). But we "look beyond" the statutory language if it is ambiguous and susceptible to more than one reasonable

interpretation, and apply other canons of construction to ascertain and effectuate legislative intent. *Franklin*, 861 N.W.2d at 68-69; *KSTP-TV*, 806 N.W.2d at 788.

Here, the statute ranks criminal proceedings from least serious to most serious, beginning with all proceedings resolved in the petitioner's favor, through diversion, petty misdemeanor, misdemeanor, gross misdemeanor, and finally felony offenses. Moreover, subdivision 3(a)(3)-(5) directs the court to look to the level of offense for which the petitioner "was convicted of *or* received a stayed sentence." (Emphasis added.) In this case, the district court entered a judgment of conviction of second-degree felony burglary. Because the statute applies to convictions, we apply the plain language of subdivision 3(a)(5) relating to petitions for felony offenses. *Franklin*, 861 N.W.2d at 68-69. Subdivision 3(b) provides that Minn. Stat. § 609A.02, subd. 3(a)(5), applies to 50 specifically enumerated offenses, primarily related to nonviolent crimes, for which a defendant may seek expungement. Minn. Stat. § 609A.02, subd. 3(b)(1)-(50). Felony second-degree burglary is not one of the enumerated offenses listed in subdivision 3(b), and, as appellant concedes, he is not entitled to expungement under subdivision 3(a)(5) under the plain language of the statute. Accordingly, expungement is only possible if subdivision 3(a)(3) – permitting expungement of certain misdemeanor offenses – applies.

Appellant argues that because the district court stayed imposition of sentence and later discharged probation, his felony conviction must be deemed a misdemeanor by operation of Minn. Stat. § 609.13, subd. 1(2), entitling him to seek an expungement under the misdemeanor provision of the statute. *See* Minn. Stat. § 609A.02, subd. 3(a)(3) (authorizing expungement petition if petitioner was "convicted of or received a stayed

6

sentence" for misdemeanor offense). "When the district court stays the imposition of a sentence, no sentence is pronounced and imposition of a sentence is stayed." *State v. Beaty*, 696 N.W.2d 406, 410 (Minn. App. 2005). "A feature unique to a stay of imposition is that, upon a person's successful completion of probation, a felony or gross misdemeanor conviction may be reduced in degree[.]" *State v. Martin*, 849 N.W.2d 99, 102 (Minn. App. 2014); Minn. Stat. § 609.13, subd. 1(2) ("Notwithstanding a conviction is for a felony . . . the conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence.").

But here, the misdemeanor portion of the expungement statute plainly provides that a petitioner who "was convicted of or received a stayed sentence for a misdemeanor" may seek expungement. Minn. Stat. § 609A.02, subd. 3(a)(3). The district court entered a judgment of conviction for a felony burglary. Although appellant's felony conviction was later deemed a misdemeanor, it is uncontested that he was "convicted of" a felony offense and he received a stayed sentence for a felony. He is therefore not entitled to seek relief under the section of the expungement statute related to misdemeanor offenses.

A review of caselaw is instructive and further supports our interpretation. In *State v. Moon*, the defendant was convicted of felony theft and the district court stayed imposition of sentence. 463 N.W.2d 517, 518 (Minn. 1990). The district court later discharged the defendant from probation and deemed the offense a misdemeanor pursuant to section 609.13, subd. 1(2), but imposed a firearm restriction. *Id.* The supreme court considered whether the firearm prohibition applied to defendant when the felony theft

7

charge was deemed a misdemeanor. *Id.* The *Moon* court determined that the relevant inquiry was "the offense for which the defendant was originally convicted rather than the disposition subsequently imposed by the trial judge," and affirmed noting that "because [defendant] was originally convicted of felony theft, the trial court correctly imposed the firearms restriction upon his discharge from probation." *Id.* at 521; *see also State v. Anderson*, 733 N.W.2d 128, 135 (Minn. 2007) (reaffirming *Moon* in light of recent amendments to the firearm-prohibition statute); *Matter of Woollett*, 540 N.W.2d 829, 829-30 (Minn. 1995) (concluding that applicant who seeks licensure as a peace officer whose felony conviction was subsequently deemed a misdemeanor under Minn. Stat. § 609.13, subd. 1(2), has been "convicted of a felony" and is rightly prohibited from obtaining a license).[2]

In *Franklin*, the Minnesota Supreme Court considered

> whether a felony conviction that has been deemed a misdemeanor pursuant to Minn. Stat. § 609.13, subd. 1 (2014), before an offender is sentenced on the current offense, can be considered when determining whether the offender "has five or more prior felony convictions" under the career-offender statute, Minn. Stat. § 609.1095, subd. 4 (2014).

861 N.W.2d at 67-68. The district court treated the offense as a felony and sentenced defendant as a career offender. *Id.* at 68. This court reversed, concluding that one of the defendant's felony convictions did not meet the requirements of the career-offender statute because it had been deemed a misdemeanor under the particular language used in that

---

[2] Like this case, *Moon*, *Anderson*, and *Woollett* dealt with collateral consequences of stayed felony sentences that were later deemed to be misdemeanors.

particular statute. *Id.* The state petitioned for further review and the supreme court affirmed our decision based upon a plain reading of the career-offender statute. *Id.* ("[U]nder the plain language of [the career-offender statute], a felony conviction that has been deemed a misdemeanor by operation of section 609.13, before an offender is sentenced for the current offense, may not be considered when determining whether the offender 'has five or more prior felony convictions.'"). The *Franklin* court specifically limited its holding to the career-offender statute, which governs sentences and length of incarceration.

We decline to extend *Franklin* to challenges arising under the expungement statute. The language used in the career-offender statute is distinct from the language governing expungement petitions. Specifically, whereas the statute at issue in *Franklin* was directed toward a career-offender who "*has* five or more prior felony convictions," the felony-expungement statute refers to a petitioner who "*was* convicted of or received a stayed sentence for a felony violation." *Compare id.* at 68 (citing Minn. Stat. § 609.1095, subd. 4 (2014)) *with* Minn. Stat. § 609A.02, subd. 3(a)(5). (Emphasis added.) The expungement statute, unlike the career-offender statute, does not use the language "prior felony convictions." Appellant was convicted of a felony and received a stayed sentence on his burglary offense. Appellant's felony conviction was not one of the enumerated offenses listed in Minn. Stat. § 609A.02, subd. 3(b), and, accordingly, he is not entitled to relief under subdivision 3(a)(5).[3]

---

[3] The Minnesota Sentencing Guidelines further support our decision. The sentencing guidelines instruct that felony offenses continue to be treated as felonies for purposes of

The state argues in the alternative that appellant is not entitled to an expungement because the district court found that "the disadvantages to the public from the elimination of this record outweigh the benefit to [appellant] of having his record expunged." Because we conclude that appellant is not entitled to petition for expungement under Minn. Stat. § 609A.02, subd. 3(a)(3), we decline to address the merits of this argument.

The Council on Crime and Justice (CCJ) submitted an amicus curiae brief urging this court to reverse the district court's decision and hold that convictions that are deemed misdemeanors under section 609.13 are eligible for expungement as misdemeanor offenses under section 609A.02, subdivision 3(a)(3). CCJ argues that a strict interpretation of the expungement statute "would eliminate an entire class of misdemeanor convictions from eligibility" and make it more difficult for Minnesotans with criminal records to rehabilitate their lives upon completion of a criminal sentence. While we are not unsympathetic to appellant's circumstances, we are limited to interpreting the plain language of the statute itself, *KSTP-TV*, 806 N.W.2d at 788, and the policy arguments raised by CCJ are properly directed to the legislature. *Great River Energy v. Swedzinski*, 860 N.W.2d 362, 367-68 (Minn. 2015) (ruling that reviewing court may not rely on policy arguments to insert language into an otherwise plain-and-unambiguous statute).

---

computing an offender's criminal history score, regardless of whether the offense is later deemed a misdemeanor by operation of Minn. Stat. § 609.13. Minn. Sent. Guidelines 2.B.1; I.B.19.a; cmt. 2.B.101 (2015).

# D E C I S I O N

The district court did not err in denying appellant's petition for expungement because the plain language of the expungement statute does not entitle appellant to relief under the subdivisions relating to misdemeanor or felony convictions, Minn. Stat. §§ 609A.02, subd. 3(a)(3) or 3(a)(5).

**Affirmed.**