# STATE OF MINNESOTA
## IN COURT OF APPEALS
### A15-1591

State of Minnesota,
Respondent,

vs.

D. R. F.,
Appellant.

**Filed April 25, 2016**
**Reversed and remanded**
**Connolly, Judge**

Hennepin County District Court
File No. 27-CR-12-17202

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean E. Burdorf, Kelly O'Neill Moller, Assistant County Attorneys, Minneapolis, Minnesota; and

Susan Segal, Minneapolis City Attorney, Heather Robertson, Assistant City Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Public Defender, Peter W. Gorman, Assistant Public Defender, Minneapolis, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and Randall, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**S Y L L A B U S**

An expungement petition based on the petitioner's acquittal cannot be denied on the ground that the petitioner might at some future time commit an offense, be charged with a crime, and have a bail hearing at which the petitioner's bench warrant history on the acquitted crime would not be available because it has been expunged: such a hypothesis does not constitute the "clear and convincing evidence that the interests of the public and public safety outweigh the disadvantages to the petitioner of not sealing the record" within the meaning of Minn. Stat. § 609A.03, subd. 5(b) (2014).

**O P I N I O N**

**CONNOLLY**, Judge

Appellant, having been acquitted by a jury of the crime with which he was charged, petitioned to have the record expunged. The state opposed the petition, which was denied. Appellant challenges the denial. We reverse and remand for entry of an order of expungement.

**FACTS**

In May 2012, M.K., a 17-year-old female, reported that appellant D.R.F., then 19, had sexually assaulted her. Appellant was charged with third-degree criminal sexual conduct. Trial was initially scheduled for October 2012 but then continued, for various reasons, until June 2013.

Appellant did not appear for trial. A bench warrant was issued, and the bail bond, guaranteed by appellant's mother, was forfeited. Appellant was apprehended in January 2015; his trial was held in March 2015. Appellant asserted the defense that M.K. had

consented to their sexual activity, and the jury found appellant not guilty. On the basis of that verdict, appellant petitioned for expungement of his record under Minn. Stat. § 609A.03 (2014) or, alternatively, under the district court's inherent authority. His petition was denied on both grounds.[1] He challenges the denial of statutory expungement.[2]

## ISSUE

Did the state fail to sustain its burden of establishing, by clear-and-convincing evidence, that the interests of the public and public safety outweigh the disadvantages to appellant of denying his expungement petition?

## ANALYSIS

"[I]nterpretation of [the expungement] statute is a legal question subject to de novo review," but "[an appellate court] will review for an abuse of discretion the district court's determination that the State failed to sustain its burden of persuasion." *State v. R.H.B.*, 821 N.W.2d 817, 820, 822 (Minn. 2012) (citations omitted).

"A petition may be filed under section 609A.03 to seal all records relating to an arrest, indictment or information, trial, or verdict . . . if . . . all pending actions or proceedings were resolved in favor of the petitioner." Minn. Stat. § 609A.02, subd. 3(a)(1) (2014). If a petition to seal the record has been filed under Minn. Stat. § 609A.02, subd. 3(a)(1), "the court shall grant the petition . . . unless the agency or jurisdiction whose records would be affected establishes by clear and convincing evidence that the interests

---

[1] The order denying the expungement petition was issued by a referee, then approved by a district court judge.

[2] On appeal, appellant does not challenge the district court's conclusion that he is not entitled to inherent-authority expungement.

3

of the public and public safety outweigh the disadvantages to the petitioner of not sealing the record." Minn. Stat. § 609A.03, subd. 5(b). "The fact of a prior acquittal is sufficient to justify expungement unless the party opposing expungement affirmatively meets its burden of persuasion." *R.H.B.*, 821 N.W.2d at 821.

> In making [that] determination [as to whether the party opposing expungement has sustained its burden of persuasion] . . . , the court shall consider:
>
> (1)  the nature and severity of the underlying crime, the record of which would be sealed;
>
> (2)  the risk, if any, the petitioner poses to individuals or society;
>
> (3)  the length of time since the crime occurred;
>
> (4)  the steps taken by the petitioner toward rehabilitation following the crime;
>
> (5)  aggravating or mitigating factors relating to the underlying crime, including the petitioner's level of participation and context and circumstances of the underlying crime;
>
> (6)  the reasons for the expungement, including the petitioner's attempts to obtain employment, housing, or other necessities;
>
> (7)  the petitioner's criminal record;
>
> (8)  the petitioner's record of employment and community involvement;
>
> (9)  the recommendations of interested law enforcement, prosecutorial, and corrections officials;
>
> (10) the recommendations of victims or whether victims of the underlying crime were minors;
>
> (11) the amount, if any, of restitution outstanding, past efforts made by the petitioner toward payment, and the measures in place to help ensure completion of restitution payments after expungement of the record if granted; and
>
> (12) other factors deemed relevant by the court.

Minn. Stat. § 609A.03, subd. 5(c).

4

The district court made findings as to these factors, but also deemed it not only relevant but "of the most importance" that appellant had absconded during prosecution. The district court explained that:

> 12. These charges [against appellant] were brought in 2012 and after the normal preliminaries a trial date was set for June 3, 2013. [Appellant] failed to appear. He was later located in California. There was evidence he had also spent time in Texas. His mother had guaranteed his $30,000 bail which was ordered forfeit. [Appellant] was finally returned to Minnesota in 2015 for his trial. The County Attorney argues that the passage of so much time, directly attributable to [appellant's] misconduct, adversely affected its presentation of the case when the trial finally occurred. This claim is difficult to evaluate but does have some logic.

But the district court offered no support for its implication that expungement may be denied to punish an acquitted defendant for misconduct before and during trial.

The district court further noted:

> 13. The County Attorney also argues that [appellant's] absconding from a charge is relevant in the event he should be charged with a future offense, as it would influence the setting of bail or other security. This is a valid concern . . . . Should this record be sealed the information would not be available for a court to consider.
> . . . .
> 15. The law enforcement agencies or jurisdictions whose records would be affected have established by clear and convincing evidence that the interests of the public and public safety outweigh the disadvantages to [appellant] of not sealing the record per Minn. Stat. § 609A.03, subd. 5(b).

The opponent of an expungement petition is obliged to present evidence "that sealing [the petitioner's] criminal record would present a unique or particularized harm to the public." *R.H.B.*, 821 N.W.2d at 823. We do not see that "a unique or particularized harm to the

5

public" is presented by the hypothetical situation in which appellant commits some offense in the future and is charged with a crime, bail is set too low because of the state's inability to bring up the bench warrant history of the appellant's expunged crime, and appellant then absconds. This is simply too speculative to constitute clear-and-convincing evidence.

We can appreciate and understand the difficult task that the district court must undertake when it balances the interests of individuals against the interests of public safety. But, in this case the proper balance was not struck.

## D E C I S I O N

The district court abused its discretion in determining that the state had shown, by clear-and-convincing evidence, that the interests of the public and public safety outweighed the disadvantages to appellant of not sealing the record. *See* Minn. Stat. § 609A.03, subd. 5(b). We reverse the denial of appellant's expungement petition and remand for the district court to enter an order expunging the record relating to the criminal charge.

**Reversed and remanded.**