*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0955**

State of Minnesota,
Respondent,

vs.

M. J. R. D.,
Appellant.

**Filed February 6, 2017
Affirmed
Schellhas, Judge**

Washington County District Court
File No. 82-K5-93-004038

Lori Swanson, Attorney General, St. Paul, Minnesota, and

Pete Orput, Washington County Attorney, Nicholas A. Hydukovich, Assistant County Attorney, Stillwater, Minnesota (for respondent)

Paul E. Overson, Steven M. Coodin, Coodin & Overson, PLLP, Lake Elmo, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Ross, Judge; and Jesson, Judge.

# UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant asks us to reverse the district court's denial of his second expungement petition. We affirm.

**FACTS**

On August 24, 1993, appellant M.J.R.D. grabbed a woman's arm and breast and pushed her against a wall during an argument. Respondent State of Minnesota charged M.J.R.D. with fourth- and fifth-degree criminal sexual conduct and fifth-degree assault (harm). M.J.R.D. pleaded guilty to fifth-degree assault as a misdemeanor and was sentenced to one year of supervised probation; the state dismissed the criminal sexual conduct charges, and the sentencing court did not order M.J.R.D. to register as a predatory offender. M.J.R.D. was discharged from probation about a year later.

In March 2008, M.J.R.D. filed a petition to expunge the records relating to his 1993 misdemeanor assault conviction. The relevant county agencies and the Minnesota Bureau of Criminal Apprehension (BCA) opposed the petition. The district court denied the petition. On December 9, 2015, M.J.R.D. filed a second petition to expunge the records relating to his 1993 misdemeanor assault conviction. The BCA opposed the petition, while the relevant county agencies took no position on the petition. The district court denied the petition.

This appeal follows.[1]

**D E C I S I O N**

We review a district court's denial of an expungement petition for an abuse of discretion. *State v. M.D.T.*, 831 N.W.2d 276, 279 (Minn. 2013). "Under an abuse of discretion standard, we will not overrule the district court unless the court exercised its

---

[1] The relevant county agencies take no position on this appeal; the BCA has filed nothing in connection with this appeal.

discretion in an arbitrary or capricious manner or based its ruling on an erroneous interpretation of the law." *State v. R.H.B.*, 821 N.W.2d 817, 822 (Minn. 2012). Reversal also is warranted if the district court's ruling "is against the facts in the record," but "findings of fact will not be disturbed unless they are clearly erroneous." *Id.* at 822 & n.3 (quotation omitted).

In his expungement petition, M.J.R.D. claimed that he is entitled to expungement under Minn. Stat. § 609A.02, subd. 3 (2014), which provides that a petitioner may be eligible for expungement of "all records relating to an arrest, indictment or information, trial, or verdict" if "the petitioner was convicted of . . . a . . . misdemeanor and has not been convicted of a new crime for at least two years since discharge of the sentence for the crime." "There are two bases for expungement of criminal records in Minnesota: Minn. Stat. ch. 609A . . . and the judiciary's inherent authority." *M.D.T.*, 831 N.W.2d at 279. In his petition, M.J.R.D. did not seek to invoke the judiciary's inherent authority, and the district court did not address its inherent authority to expunge criminal records in its order denying the petition. We therefore do not address M.J.R.D.'s repeated references to inherent-authority expungement in his appellate brief. *See In re Welfare of J.J.P.*, 831 N.W.2d 260, 263 & n.2 (Minn. 2013) (addressing only statutory expungement where juvenile "petitioned the district court for expungement solely under the court's statutory authority" and "did not invoke the court's inherent authority to order expungement").

M.J.R.D. argues that the district court's denial of his second expungement petition was an abuse of discretion because it was based on the court's erroneous interpretation of Minn. Stat. § 609A.02, subd. 4 (2014). Under Minn. Stat. § 609A.02, subd. 4, "[r]ecords

3

of a conviction of an offense for which registration is required under section 243.166 may not be expunged." And under Minn. Stat. § 243.166, subd. 1b(a) (2014), "[a] person shall register" as a predatory offender if he "was charged with . . . a felony violation of" an enumerated offense, including fourth-degree criminal sexual conduct, "and convicted of . . . that offense or another offense arising out of the same set of circumstances." The district court accordingly reasoned that, because M.J.R.D.'s misdemeanor assault conviction arose out of the same set of circumstances as his charge of fourth-degree criminal sexual conduct, the assault conviction triggered a registration requirement under section 243.166, which in turn prohibited expungement. M.J.R.D. argues to the contrary that, because the sentencing court had the implicit authority to, and did in fact, waive his duty to register as a predatory offender, the expungement prohibition does not apply.

"Statutory interpretation is a question of law, which we review de novo." *J.J.P.*, 831 N.W.2d at 264; *see also State v. D.R.F.*, 878 N.W.2d 33, 35 (Minn. App. 2016) ("Interpretation of the expungement statute is a legal question subject to de novo review." (quotation omitted)). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2016). "In interpreting statutory language, we give words and phrases their plain and ordinary meaning." *J.J.P.*, 831 N.W.2d at 264. "Our first step in interpreting a statute is to examine the text of the statute to determine whether the language is ambiguous." *Id.* "When the statutory language is clear and free of ambiguity, we enforce the plain language of the statute and do not explore its spirit or purpose." *Id.*

4

Again, the expungement statute provides that "[r]ecords of a conviction of an offense for which registration is required under section 243.166 may not be expunged." Minn. Stat. § 609A.02, subd. 4. We have found no published or unpublished case interpreting this statutory language. But we have interpreted nearly identical language from the Minnesota sex offender community notification act, Minn. Stat. § 244.052 (1996 & Supp. 1997). *See In re Risk Level Determination of C.M.*, 578 N.W.2d 391, 394 (Minn. App. 1998) (considering statutory definition of "sex offender," for purposes of community notification, as "a person who has been convicted of an offense for which registration under section 243.166 is required" (quoting Minn. Stat. § 244.052, subd. 1(4) (1996)) (quotation marks omitted)). We summarized the interpretive dispute in *C.M.* as follows:

> Relator contends that the phrase "convicted of an offense for which registration * * * is required" in section 244.052, subdivision 1(4), means that notification applies only where the offender is convicted of an offense that automatically results in registration because the offense is specifically listed in section 243.166. The state argued below . . . that the notification statute applies to any offender required to register under section 243.166, including those convicted of an unlisted offense "arising out of the same set of circumstances" as a charged, listed offense. Relator argues that if the legislature intended that result, it would simply have defined a sex offender as "a person required to register under section 243.166." On appeal, the state argues that the legislature inserted the "convicted of an offense" language to avoid application of the notification statute to juveniles, who are required to register after being "adjudicated delinquent" rather than "convicted."

*Id.* at 395. After stating that "both parties' interpretations are reasonable" and that the relevant statutory language "is, therefore, ambiguous in its application to relator," we ultimately concluded:

5

> [T]he state's interpretation of section 244.052 to permit community notification where an offender is charged with, but not convicted of, a sex offense, would result in a violation of state and federal guarantees of due process. Accordingly, we adopt relator's alternate construction, the constitutionality of which is not challenged before us, under which notification applies only to offenders convicted of an offense specifically listed in section 243.166, subdivision 1.

*Id.* at 395–96, 399.

Here M.J.R.D. raises no constitutional argument against the district court's interpretation of the expungement statute. Neither does M.J.R.D. take the equivalent of the relator's interpretive position in *C.M.* by arguing that the expungement prohibition applies only where the petitioner was "convicted of an offense that automatically results in registration because the offense is specifically listed in section 243.166" and does not apply where, as here, the petitioner was "convicted of an unlisted offense 'arising out of the same set of circumstances' as a charged, listed offense." *See id.* at 395. Instead, M.J.R.D. takes something like the state's interpretive position in *C.M.*, essentially arguing that the expungement prohibition applies to "[petitioners] required to register under section 243.166, including those convicted of an unlisted offense 'arising out of the same set of circumstances' as a charged, listed offense." *See id.* And M.J.R.D. implicitly concedes that his misdemeanor assault conviction arose out of the same set of circumstances as his fourth-degree criminal sexual conduct charge. Still M.J.R.D. insists that the expungement prohibition does not apply to him because "he was never to this date required by anyone to register."

6

M.J.R.D. thereby attempts to shift our focus from the relevant question, whether section 243.166 designates his offense as one triggering the registration requirement, to a different question entirely—namely, whether M.J.R.D. ever was directed to register as a predatory offender in connection with his offense. This shift in focus is inconsistent with the plain language of the expungement statute, which generally restricts the availability of expungement based on the nature of the offense of conviction rather than on the specific consequences that may flow from conviction of the offense. *See* Minn. Stat. § 609A.02, subd. 4 ("Records of a conviction of an offense for which registration is required under section 243.166 may not be expunged."); *see also id.*, subd. 3 (providing that expungement may be available if "petitioner was convicted of or received a stayed sentence for a petty misdemeanor," if "petitioner was convicted of or received a stayed sentence for a gross misdemeanor," or if "petitioner was convicted of or received a stayed sentence for a felony violation of [one of 50 enumerated] offense[s]"); *cf. State v. S.A.M.*, 877 N.W.2d 205, 208–09 (Minn. App. 2016) (concluding that statutory expungement was not available to petitioner whose nonenumerated felony conviction ultimately was deemed a misdemeanor by operation of law), *review granted* (Minn. May 31, 2016).

In sum, even if we accept M.J.R.D.'s assertion that the sentencing court waived his duty to register as a predatory offender, any such waiver was a then-authorized modification of section 243.166's registration requirement, which M.J.R.D. implicitly

7

concedes was triggered by his offense.[2] The plain language of Minn. Stat. § 609A.02, subd. 4, prohibits expungement under these circumstances.

**Affirmed.**

---

[2] The duty to register as a predatory offender originally was not triggered by conviction of "another offense arising out of the same set of circumstances" as an enumerated offense. *See* 1991 Minn. Laws ch. 285, § 3, at 1325–26 (enacting registration statute without quoted language or its equivalent). The quoted language was added to the registration statute by an amendment with an effective date of August 1, 1993, fewer than 90 days before M.J.R.D.'s sentencing date. 1993 Minn. Laws ch. 326, art. 10, § 1, at 2090. The sentencing court's silence on M.J.R.D.'s duty to register, then, may be explained by inadvertent omission rather than by intentional waiver.