*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SYRJA LEKLI,

      Plaintiff-Appellant,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN, FARM BUREAU
GENERAL INSURANCE COMPANY, GREAT
AMERICAN INSURANCE COMPANY,
PERGJONI TRANSPORT, LLC, and MICHIGAN
AUTOMOBILE INSURANCE PLACEMENT
FACILITY,

      Defendants-Appellees,

and

B&W CARTAGE COMPANY, INC.,

      Defendant.

UNPUBLISHED
October 27, 2022

No. 350942
Macomb Circuit Court
LC No. 2017-004762-NF

ON REMAND

Before: K. F. KELLY, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

    This case returns to us on remand from the Michigan Supreme Court. Plaintiff, Syrja Lekli,
who was injured in an automobile accident while hauling goods from Michigan to Missouri,
brought a first-party suit against defendants under the no-fault act, MCL 500.3101 *et seq*. In our
previous opinion, and as relevant here, we concluded that plaintiff was not entitled to relief with
respect to the argument that the trial court erred when it granted summary disposition in favor of
Michigan Automobile Insurance Placement Facility ("MAIPF") because he took a position in the
trial court that was contrary to his position in this Court. *Lekli v Farm Bureau Mut Ins Co of Mich*,

-1-

unpublished per curiam opinion of the Court of Appeals, issued May 20, 2021 (Docket No. 350942), p 4-5. Accordingly, we considered the argument waived. The Michigan Supreme Court, in lieu of granting plaintiff's application for leave to appeal, issued an order reversing that determination and remanded the case to this Court "to address the merits of the plaintiff's claim that the Macomb Circuit Court erred by granting [MAIPF's] motion." *Lekli v Farm Bureau Mut Ins Co of Mich*, ___ Mich ___; 973 NW2d 913 (2022). Because we conclude the trial court erred when it granted MAIPF's motion for summary disposition, we reverse the order of the trial court granting summary disposition in favor of MAIPF and remand for further proceedings consistent with this opinion.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This Court's prior opinion sets forth the relevant facts and procedural history:

In July 2015, B&W and Pergjoni Transport entered into an operating agreement. In that agreement, Pergjoni Transport, owner of a Peterbilt truck, leased the truck to B&W. Pergjoni Transport also agreed to supply transportation services to B&W. The agreement specified that Pergjoni Transport is an independent contractor of B&W. Under the terms of the agreement, Pergjoni Transport was required to maintain insurance on the truck, which it did. Pergjoni Transport had two policies for the truck that were in effect on the date of plaintiff's accident, December 11, 2016. One policy was issued by Great American, and the other was issued by nonparty Hudson Insurance Company.

In January 2016, plaintiff filled out an application to B&W to be a driver for Pergjoni Transport. Plaintiff got the job and signed forms acknowledging that he was an independent contractor with respect to B&W. Plaintiff started working in February 2016. Plaintiff's routine was to drive his own vehicle to where the Peterbilt truck was parked in Taylor, Michigan, and then drive that truck to Saline, Michigan, where he would generally pick up a trailer full of auto parts. Plaintiff would then drive the fully loaded truck to a plant in Missouri. Afterward, plaintiff would take an empty trailer back to Saline and then would park the truck in Taylor until the next trip. Plaintiff kept the keys to the truck, even while it remained parked in Taylor. Plaintiff testified that he generally drove this route two times a week and was paid $550 for each trip, or $1,100 for a week. Plaintiff was paid directly by Alfred Pergjoni, and plaintiff was issued an IRS 1099-MISC form at the end of the year. Plaintiff referred to Mr. Pergjoni as his "boss" or "supervisor" several times during his deposition, and referred to Pergjoni Transport as his "employer."

On December 11, 2016, while driving the truck after picking up a trailer from the Saline plant, plaintiff was involved in an accident. He suffered injuries as a result of the accident and had three different surgeries. In December 2017, plaintiff applied for personal protection insurance (PIP) benefits to the MAIPF, alleging that the claim was being made because of a dispute between Farm Bureau, which insured plaintiff's personal vehicles, and Great American, which insured the Peterbilt truck. A week later, plaintiff filed the instant suit.

The Michigan Assigned Claims Plan (MACP), as maintained by MAIPF, denied plaintiff's claim. In a denial letter dated January 18, 2018, the MACP stated that "[t]here was higher identifiable coverage at the time of the accident." The MACP issued a second denial letter, dated January 22, 2018, in which the MACP stated that it could not process plaintiff's claim without additional information. The letter indicated that because plaintiff had indicated there was a dispute between two carriers, he needed to send proof of that dispute. Additionally, the letter stated that once the complete information was received, the claim would be reviewed. Plaintiff concedes that the lower court record does not show that he supplied any of the requested information.

Thereafter, many of the defendants filed motions for summary disposition. Great American alleged that its policy specifically excluded coverage when the truck was being used in the business of a lessee or when being used to transport cargo. In response, without addressing the substance of Great American's argument or the underlying policy and without citing any law, plaintiff merely asserted that both Farm Bureau and Great American were responsible for PIP benefits.

The MAIPF submitted that, despite plaintiff's representations in his complaint of a lack of insurance coverage, the evidence showed that plaintiff did have personal no-fault coverage through Farm Bureau and that the truck he was driving was insured by both Great American and nonparty Hudson. The MAIPF concluded that because it was the insurer of last resort and applicable identifiable coverage existed, plaintiff was not eligible to seek benefits through the MAIPF. Plaintiff asserted that because none of the other insurers had acknowledged an obligation to pay PIP benefits, there was a priority dispute, which required the MAIPF to assign the claim. Plaintiff further stated, "[T]he MAIPF is not entitled to summary disposition until such time as there is a higher insurer established either through litigation or acknowledgment of coverage and priority."

Farm Bureau contended that it was entitled to summary disposition because, although an insured generally sought the payment of no-fault benefits from his own insurance policy, MCL 500.3114(3) provides an employment exception. Specifically, an employee injured on the job while an occupant of a vehicle owned by the employer is to receive benefits from the insurer of the furnished vehicle. Farm Bureau maintained that at the time of the accident, plaintiff, under the economic-reality test, was an employee of Pergjoni Transport and B&W, which meant that the no-fault benefits were owed by either Great American or Hudson. Plaintiff submitted, in pertinent part, that MCL 500.3114(3) was inapplicable because under the economic-reality test, he was not an "employee" and instead was an independent contractor.

In an opinion and order, the trial court granted Great American's motion for summary disposition. The trial court noted that the Great American policy had an exclusion for bodily injury arising out of any accident occurring while the vehicle was being used in the business of any lessee or while being used to transport cargo.

But the court addressed the significance of the policy's endorsement because, although a general policy may exclude certain coverage, an endorsement can extend coverage. The trial court found no conflict between the endorsement and the general policy and concluded that the exclusion in the policy remained valid. Accordingly, because there was no question of fact that plaintiff was operating the truck for business and was hauling cargo at the time of the accident, the court granted Great American's motion for summary disposition.

In a second opinion and order, the trial court granted the MAIPF's and Farm Bureau's motions for summary disposition. The trial court ruled that because, under the economic-reality test, plaintiff was an "employee" of Pergjoni Transport, the insurers of the truck, pursuant to MCL 500.3114(3), were higher priority insurers than Farm Bureau. However, because Great American's policy did not provide coverage in this instance, Hudson was the insurer with the highest priority. The trial court then granted the MAIPF's motion for summary disposition because once the court determined that Hudson had the highest priority, there was no longer any dispute amongst insurers. After the trial court denied plaintiff's motions for reconsideration, this appeal followed. [*Lekli*, unpub op at 2-4 (footnotes omitted; alteration in original).]

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Webb v Progressive Marathon Ins Co*, 335 Mich App 503, 507; 967 NW2d 841 (2021). In a motion brought under MCR 2.116(C)(10), this Court reviews the decision "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Id.* (quotation marks and citation omitted). Matters of statutory interpretation are also reviewed de novo. *Mich Ambulatory Surgical Ctr v Farm Bureau Gen Ins Co of Mich*, 334 Mich App 622, 626; 965 NW2d 650 (2020). "When interpreting and applying a statute, a court's primary goal is to ascertain and give effect to the Legislature's intent." *Miclea v Cherokee Ins Co*, 333 Mich App 661, 666-667; 963 NW2d 665 (2020).

## III. ANALYSIS

The trial court erred when it granted MAIPF's motion for summary disposition. As relevant here, the MAIPF is to assign a claim if "the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss . . . ." MCL 500.3172(1).[1] Both Great American and Farm Bureau denied liability by way of answer to the plaintiff's complaint, thus triggering MAIPF's obligation under the no-fault act. Moreover, MAIPF's initial reason for denial—that there were two insurers with potential liability—is

---

[1] Although this statute has since been amended, 2019 PA 21, the prior version of the statute is what controls because it was the version in effect at the time the complaint was filed. In any event, the 2019 amendments did not alter the substance of the previous version. See *Mich Head & Spine Institute, PC v Mich Assigned Claims Plan*, 331 Mich App 262, 273 n 4; 951 NW2d 731 (2019).

-4-

contrary to the commands of the statute that the claim should be assigned when there is a dispute among insurers. In short, MAIPF should not have denied the claim and should have assigned it through the facility, and the trial court erred when it concluded otherwise.

"The no-fault act's intended purpose is to ensure the compensation of persons injured in automobile accidents." *Mich Head & Spine Institute, PC v Mich Assigned Claims Plan*, 331 Mich App 262, 273; 951 NW2d 731 (2019) (quotation marks and citation omitted). We have explained:

> Even when there does not appear to be any applicable PIP coverage, the Legislature provided that an injured person could obtain PIP benefits through the MACP. See MCL 500.3172(1). . . . [T]he Legislature ensured that every person injured in a motor vehicle accident would have access to PIP benefits unless one of the limited exclusions in the no-fault act applies, and the losses suffered by uninsured persons injured in motor vehicle accidents could be indirectly passed onto the owners and registrants of motor vehicles through insurance premiums. [*Spectrum Health Hosps v Mich Assigned Claims Plan*, 330 Mich App 21, 32; 944 NW2d 412 (2019), superseded not in relevant part by MCL 500.3173a(1).]

"Although the Legislature authorized the MAIPF to establish its own MACP, MCL 500.3171(2), the Legislature did not authorize the MAIPF to establish eligibility criteria." *Id*. at 33. The eligibility criteria are found in MCL 500.3172(1), and there are four scenarios in which a person is entitled to have a claim assigned by the MAIPF:

> A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle in this state may obtain personal protection insurance benefits through the assigned claims plan if [(1)] no personal protection insurance is applicable to the injury, [(2)] no personal protection insurance applicable to the injury can be identified, [(3)] the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss, or [(4)] the only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. [MCL 500.3172(1), as amended by 2012 PA 204.]

"[T]he Legislature provided a framework for the processing, timing, and review of claims under the MACP." *Spectrum Health*, 330 Mich App at 34. "The Legislature stated that a person who claims PIP benefits through the MACP must notify the MAIPF of his or her claim within the time limit for filing a PIP claim with an insurer: 'A person claiming through the [MACP] shall notify the [MAIPF] of his or her claim within the time that would have been allowed for filing an action for [PIP] benefits if identifiable coverage applicable to the claim had been in effect.' " *Id*., quoting MCL 500.3174, as amended by 2012 PA 204 (alterations in original).

"Once the person notifies the MAIPF of his or her claim, it must 'promptly assign the claim in accordance with the plan and notify the claimant of the identity and address of the insurer to which the claim is assigned.' " *Spectrum Health*, 331 Mich App at 34, quoting MCL 500.3174,

as amended by 2012 PA 204. "Before assigning the claim to a member insurer, however, the MAIPF must 'make an initial determination of a claimant's eligibility for benefits under the [MACP] and shall deny an obviously ineligible claim.' " *Spectrum Health*, 331 Mich App at 34-35, quoting MCL 500.3173a(1), as enacted by 2012 PA 204 (alteration in original). "The MAIPF must notify the claimant promptly in writing of the reasons for denial." *Spectrum Health*, 330 Mich App at 35.

When moving for summary disposition, the MAIPF argued that plaintiff was not eligible for benefits through the MAIPF because

> there is applicable and identifiable coverage for this loss with Great American, B & W (Hudson), and Farm Bureau. As a result, Plaintiff *does not meet any of the four (4) circumstances* wherein a claim can be made with the [MACP], as maintained by the MAIPF. (Emphasis added.)

This statement is contrary to MCL 500.3172(1) because the fact that there may be "applicable and identifiable coverage" is not relevant under the third scenario in which the MAIPF is required to assign a claim when "the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss." MCL 500.3172(1), as amended by 2012 PA 204; see also *Southeast Mich Surgical Hosp, LLC v Allstate Ins Co*, 316 Mich App 657, 664; 892 NW2d 434 (2016) ("When a responsible insurer cannot be identified, or there is a dispute regarding the priority of various insurers, an insured can obtain benefits through the [MACP] under MCL 500.3172."). If the MAIPF's position were true, then it would completely negate the third assigned-claims scenario in MCL 500.3172(1).

Thus, on its face, it appears that summary disposition in favor of the MAIPF was not proper. However, if plaintiff's claim was "obviously ineligible," then the MAIPF would have been permitted to deny the claim. MCL 500.3173a(1), as enacted by 2012 PA 204; see also *Bronson Health Care Group, Inc v Titan Ins Co*, 314 Mich App 577, 582 n 3; 877 NW2d 205 (2016). However, in our view, plaintiff's claim for PIP benefits was not "obviously ineligible" because the application clearly stated that the reason for the assignment was that there was a dispute between Great American and Farm Bureau, and plaintiff provided the claim numbers for each of those insurers.

The MAIPF asserts that because plaintiff never provided the requested documentation exhibiting the dispute, it could deny the claim. We disagree. First, the MAIPF does not cite any authority that would allow it to deny a claim on the sole basis that an applicant did not provide "proof" of a dispute. See *Johnson v Johnson*, 329 Mich App 110, 126; 940 NW2d 807 (2019) ("When a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned.") (quotation marks and citation omitted). Second, assuming "proof" was required, before the MAIPF issued its denial letters dated January 18 and January 22, 2018, it had already been served in the present lawsuit and had received Farm Bureau's answer to the complaint, denying any responsibility. Less than a month after the MAIPF requested "proof" of the dispute, it also received Great American's answer, denying any responsibility. As a result, within 25 days after its January 22 request for proof, the MAIPF had received documentation that neither Farm Bureau nor Great American was going to provide any PIP benefits. The MAIPF fails to address

this fact. In *Spectrum Health*, 330 Mich App at 36, this Court held that the mere filing of a complaint can provide timely notice to the MAIPF. In this instance, the MAIPF had plaintiff's complaint, as well as the answers from Farm Bureau and Great American denying liability. Therefore, at a minimum, plaintiff's claim to the MAIPF, which was made on the basis of a dispute between two or more insurers, could not be considered "obviously ineligible" once the MAIPF received Farm Bureau's and Great American's denials of responsibility. Accordingly, the MAIPF was obligated to assign the claim.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto
/s/ Anica Letica